2019 PA Super 310

| | | |
|---|---|---|
| BEONCA MARIA MCCONNELL, AN INDIVIDUAL, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2971 EDA 2018 |
| B. BRAUN MEDICAL INC., A | : | |
| PENNSYLVANIA CORPORATION, B. | : | |
| BRAUN INTERVENTIONAL SYSTEMS | : | |
| INC., A DELAWARE CORPORATION, | : | |
| AND B. BRAUN MEDICAL S.A.S., A | : | |
| FRENCH CORPORATION | : | |

Appeal from the Order Dated August 21, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): June Term, 2017 No. 17-0601744

BEFORE:  MURRAY, J., STRASSBURGER, J.*, and PELLEGRINI, J.*

OPINION BY PELLEGRINI, J.:                    **FILED OCTOBER 16, 2019**

The Appellant, Beonca Maria McConnell (McConnell), appeals the order
of the Court of Common Pleas of the Philadelphia County (trial court)
dismissing her products liability suit against B. Braun Medical Inc. (BMI); B.
Braun Interventional Systems, Inc. a Delaware Corporation (BIS); and B.
Braun Medical S.A.S., a French Corporation (B. Braun France) (collectively,
the Braun Defendants), on the ground of *forum non conveniens*.  McConnell
argues that the trial court abused its discretion because the Braun Defendants

_____

* Retired Senior Judge assigned to the Superior Court.

failed to show that Pennsylvania is an inconvenient forum for her claims. For the reasons below, we vacate the order dismissing her case.[1]

## I.

McConnell's products liability action arises from the implantation of a "VenaTech LP Vena Cava Filter" (VenaTech Filter).[2] It is undisputed that at the time of the implantation in 2003, McConnell resided in Michigan where the procedure was performed. Between 2008 and 2013, McConnell resided in North Carolina. In 2015, while residing in Texas, McConnell underwent a CT scan that allegedly revealed that the VenaTech Filter had caused recoverable damages.

According to McConnell's complaint, the device is designed to be implanted in a person's inferior vena cava, a central vein in the heart. Complaint, 6/16/2017, at ¶ 18. The device's purpose is to prevent blood clots from traveling from the legs and pelvis to the heart and lungs. *Id*. at ¶ 19. Once the VenaTech Filter is literally hooked to the heart, it remains fixed in place permanently and cannot be safely removed. *Id*. at ¶¶ 20-22.

---

[1] This appeal is reviewed in conjunction with three related Superior Court appeals which concern nearly identical points of law and analogous facts: *Zevola v. B. Braun Medical Inc.*, 3011 EDA 2018; *Vars v. B. Braun Medical Inc.*, 3052 EDA 2018; and *Jeans v. B. Braun Medical Inc.*, 3071 EDA 2018.

[2] The facts are gleaned from the trial court's opinion and the certified record.

McConnell asserts that the device "failed" and has "penetrated through the caval wall," posing a danger of the fatal medical events the device was meant to prevent, as well as the risk of further perforation of her heart. *Id*. at ¶¶ 23-25. This will require "ongoing medical care and monitoring for the rest of her life." *Id*. at ¶ 25.

McConnell filed her complaint in 2017 in the trial court setting forth seven causes of action: Negligence, Strict Products Liability/Failure to Warn, Strict Products Liability/Design Defect, Strict Products Liability/Manufacturing Defect, Breach of Implied Warranty of Merchantability, Negligent Misrepresentation, and Punitive Damages.

Within the next year and before the parties began discovery, BMI and BIS filed a two-part motion based on the doctrine of *forum non conveniens*. First, they moved to dismiss McConnell's complaint, arguing that the suit should be refiled in her home state of Texas or in Michigan, where the device was implanted. Alternatively, they sought for the case to be transferred to Lehigh County, Pennsylvania. Once B. Braun France joined the motion, the Braun Defendants all consented to a trial in Texas or Michigan; they also agreed to waive a statute of limitations defense in the event of dismissal.[3]

---

[3] The Braun Defendants filed preliminary objections to venue, but the trial court ruled that venue was proper based on the Braun Defendants' contacts with Philadelphia County. This ruling is not now at issue.

At the hearing on the subject motion, the trial court heard argument and took evidence on the *forum non conveniens* issue. It was undisputed that each of the Braun Defendants had a role in putting the VenaTech Filter into the stream of commerce, but have varying degrees of local presence in McConnell's chosen forum of Philadelphia County. BMI is a Pennsylvania corporation with a headquarters in Lehigh County, Pennsylvania. BIS is a Delaware corporation with a principal place of business in Lehigh County. B. Braun France is a French corporation with no physical presence in the United States.

B. Braun France designed and manufactured the VenaTech Filter, but the United States Food and Drug Administration (FDA) only approved the domestic sale and marketing of the device in 2001. From that date and on an exclusive basis, BMI imported and distributed VenaTech Filters throughout the United States.

In 2007, BMI transferred its FDA clearances to BIS, who has since maintained exclusive rights to the VenaTech Filter in the United States. BMI and BIS allegedly marketed the device as safe for permanent placement in a human subject's heart. Either BMI or BIS marketed and sold the particular device at issue in McConnell's suit, along with every other unit of the VenaTech Filter distributed and sold in the United States since 2001.

The Braun Defendants emphasized at the hearing on their motion to dismiss that the VenaTech Filter was designed and manufactured in France;

that McConnell had the VenaTech Filter implanted in Michigan; and that she has never resided in Pennsylvania. They claimed that the parties have minimal connections to Pennsylvania, that Pennsylvania has little interest in the litigation, and that another forum is available and more convenient for trial purposes.

Notably, however, the Braun Defendants had introduced an affidavit by the president of BIS, Paul O'Connell (O'Connell), who stated that although he resides in Illinois, other "potentially relevant witnesses from BIS – for example, the employees who are responsible for distribution, sales, and post-market surveillance of the VenaTech Filter – reside and work in Lehigh County." O'Connell, Affidavit, ¶ 13.

In the motion, the Braun Defendants identified and described these potential trial witnesses as follows:

- Doris Benson, a Senior Market and Quality Associate who can testify to distribution, sales, post-market surveillance of the VenaTech Filter.

- Peter Flosdort, an engineering manager responsible for the Quality/Regulatory/Product Development departments, which includes "complaint reporting and medical device report" and investigation of "non-conforming lots" in the event of a recall.

- Jason Curtis, a Project Manager who is a "Quality" designee for BIS in charge of "certain tasks that only he is authorized to perform."

BMI and BIS, Motion to Dismiss or Transfer for *Forum Non Conveniens*, 8/8/2017, at 9-12. All three of those BIS employees stated in an affidavit

that it would be a hardship for them to leave their homes in Lehigh County in order to attend a trial 60 miles away in Philadelphia County.[4]

Despite that evidence, the trial court dismissed McConnell's suit. In its opinion, the trial court found that Pennsylvania has little interest in resolving McConnell's products liability claims because "the record indicates – despite the corporate presence of [BMI and BIS] – the decisions and documentation for the locus of [McDonnell's] action arose outside of Pennsylvania." Trial Court Opinion, 2/14/2019, at 10.

The trial court also outlined several other reasons for granting the dismissal. It reasoned that if the case were re-filed in McConnell's home state, potential difficulties in applying out-of-state law would be avoided and the presence of witnesses could more easily be ensured. *Id*. It was presumed that causation and damages would be hotly contested issues at trial, and that McConnell's medical care providers in Texas would be unwilling to attend a Pennsylvania trial. *See id*. at 9.[5]

_____

[4] The Braun Defendants argued that Philadelphia County would be so inconvenient for these BIS employees that the trial should be transferred to Lehigh County. The logical conclusion of that claim is that if a trial in Philadelphia County would be highly disruptive to the lives of those potential witnesses, then a trial in Texas or Michigan would be even more so.

[5] Unlike Pennsylvania, the state of Texas has not adopted the Uniform Interstate Depositions and Discovery Act (UIDDA), which makes non-party witnesses subject to compulsory deposition and subpoena by a court in another state's jurisdiction. *See* 42 Pa.C.S. §§ 5331-5371. We note, however, that the other states found to be better-suited forums for the Braun

The trial court assigned no weight to the fact that employees of BMI and BIS made marketing, sale and distribution decisions within Pennsylvania. *Id*. at 11-12. Similarly, the trial court ruled that the existence of any documentation or evidence in Pennsylvania would be immaterial. *Id*. at 10-11. The trial court did not rule on the Braun Defendants' alternative motion to transfer the case to Lehigh County.

McConnell timely appealed and both McConnell and the trial court complied with Rule 1925. In her brief, McConnell asserts the following issue for our consideration:

> [D]id the Trial Court misapply the law or render a manifestly unreasonably decision by overruling [McConnell's] right to choose her forum and . . . granting the Appellees' motion to dismiss based on *forum non conveniens* when the public and private factors do not weigh strongly against her chosen forum?

Appellant's Brief, at 5.

The Braun Defendants urge us to affirm the dismissal order, stressing as they did below that any relevant conduct in McConnell's action occurred outside of Pennsylvania. They argue that McConnell is a Texas resident who had the subject surgery in Michigan, and that the VenaTech Filter was

---

Defendants' related cases have all adopted the UIDDA. *See* Miss. Code Ann. § 11-59-1(Mississippi); NY C.P.L.R. Law § 3119 (New York); Tenn. Code Ann. § 24-9-201(Tennessee); Wash. Rev. Code § 5.51.902 (Washington).

designed and manufactured in France. They echo the trial court's findings that a trial in Pennsylvania would be impractical.[6]

## II.

## A.

The doctrine of *forum non conveniens* allows the dismissal of a case when the evidence shows that another forum would be more appropriate:

> Inconvenient forum – when a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S. § 5322(e).

A plaintiff's choice of forum is entitled to deference, but to a somewhat lesser degree when the plaintiff's residence and place of injury are located somewhere else. **See Bochetto v. Piper Aircraft Co.**, 94 A.3d 1044, 1056 (Pa. Super. 2014). In any event, the trial court may grant a motion to dismiss on the grounds of *forum non conveniens* only if "weighty reasons" support disturbing a plaintiff's choice of forum and an alternative forum is available. **See Jessop v. ACF Industries, LLC**, 859 A.2d 801, 803 (Pa. Super. 2004). "Furthermore, a court will . . . not dismiss for *forum non conveniens* unless

---

[6] The Braun Defendants also contend that the case should be heard elsewhere because the Philadelphia County courts are too congested to handle it promptly. This argument is largely based on facts which cannot be considered on appeal for lack of a basis in the certified record. In addition, the record contains no information about the caseloads of alternative forums, so it is impossible to compare their respective capacities.

justice *strongly* militates in favor of relegating the plaintiff to another forum."

***Poley v. Delmarva Power and Light Co.,*** 779 A.2d 544, 546 (Pa. Super.

2001) (emphasis in original).

To determine if "weighty reasons" overcome the deference afforded to

a plaintiff's choice of forum, the trial court must examine both the private and

public interest factors involved in the case. The private factors include:

> the relative ease of access to sources of proof; availability of
> compulsory process for attendance for unwilling, and the cost of
> obtaining attendance of willing, witnesses; possibility of view of
> the premises, if view would be appropriate to the action; and all
> other practical problems that make trial of a case easy,
> expeditious and inexpensive.

***Farley v. McDonnell Douglas Truck Servs., Inc.***, 638 A.2d 1027, 1030

(Pa. Super. 1994) (quoting ***Plum v. Tampax, Inc.***, 160 A.2d 549, 533 (Pa.

1960)).

As to the public factors, trial courts must take into account several

circumstances, including that:

> administrative difficulties follow for courts when litigation is piled
> up in congested centers instead of being handled at its origin. Jury
> duty is a burden that ought not to be imposed upon the people of
> a community which has no relation to the litigation. There is an
> appropriateness, too, in having the trial . . . in a forum that is at
> home with the state law that must govern the case, rather than
> having a court in some other forum untangle problems in conflict
> of laws, and in law foreign to itself.

***Id***.; ***D'Alterio v. New Jersey Transit Rail Operations, Inc.,*** 845 A.2d 850,

852 (Pa. Super. 2004) (same).

With respect to these factors, a defendant must show that the plaintiff's chosen forum is inconvenient to the *defendant*.[7] A defendant cannot merely assert that dismissal is warranted because the chosen forum is inconvenient to the plaintiff in some way. Accordingly, it is difficult for a defendant to show that convenience is a factor that weighs in favor of dismissal where it is headquartered in the chosen forum, even if the plaintiff resides elsewhere. **See Vaughan Estate of Vaughan v. Olympus Am., Inc.**, 208 A.3d 66, 77 (Pa. Super. 2019) ("In our view, any difficulty a *plaintiff* faces in securing evidence necessary to prove a cause of action is not a valid reason to override the plaintiff's forum preference.") (emphasis in original).[8]

**B.**

In conducting our review, we cannot reverse a "trial court's decision to dismiss based on *forum non conveniens* . . . absent an abuse of discretion."

---

[7] It is unnecessary to assess whether an alternative forum is available for McConnell's claims because the Braun Defendants have stipulated to jurisdiction in Texas or Michigan. **See Jessop v. ACF Industries, LLC**, 859 A.2d 801, 803 (Pa. Super. 2004) (citation omitted) ("A stipulation made by a defendant that he or she will submit to service of process and not raise the statute of limitations as a defense has been accepted by the courts as eliminating the concern regarding the availability of an alternate forum.").

[8] The respective locations of parties, witnesses and evidence may bear on the public factor of whether a forum has an interest in the suit, as well as the private factor of whether the circumstances at hand would make a trial in the plaintiff's chosen forum "easy, expeditious and inexpensive." **Farley v. McDonnell Douglas Truck Servs., Inc.**, 638 A.2d 1027, 1030 (Pa. Super. 1994).

***Bochetto v. Dimeling, Schreiber & Park***, 151 A.3d 1072, 1079 (Pa. Super. 2016) (citation omitted). An abuse of discretion occurs if "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will." ***Id.*** (quoting ***Aerospace Finance Leasing, Inc. v. New Hampshire Ins. Co.***, 696 A.2d 810, 812 (Pa. Super. 1997)). A trial court's decision will stand if there is any basis in the record to support it. ***Id.***; ***Farley***, 638 A.2d at 1029.

Importantly, the party seeking dismissal has the burden of proof. Shifting that initial burden to the party opposing dismissal and making presumptions about the evidence against the non-moving party constitute an abuse of discretion because it is a misapplication of the governing legal standard. ***See Humes v. Eckerd Corp.***, 807 A.2d 290, 296 (Pa. Super. 2002) ("To assume that the facts pleaded in the New Jersey complaint would be identical to those filed in a complaint filed in Philadelphia County is not appropriate.").

A trial court also misapplies the law in this context by incorrectly weighing the public and private factors. ***See Plum***, 160 A.2d at 554 ("Proper application of the doctrine of Forum Non Conveniens necessitates that the court below make a finding as to the availability of other forums and then exercise its discretion after considering all the factors."); ***Wright v. Aventis Pasteur, Inc.,*** 905 A.2d 544, 550 (Pa. Super. 2006) ("The trial judge . . . did not discuss the arguments presented by appellants, but focused primarily on

the parties' lack of ties to [Pennsylvania]."); **Bochetto**, 94 A.3d at 1054 (abuse of discretion for trial court to engage in "one-sided discussion" of factors weighing against plaintiff's choice of forum); **Vaughan**, 208 A.3d at 77 (reversing dismissal order where the public and private factors supported the plaintiff's chosen forum).

Because the burden of establishing the factors of *forum non conveniens* lies with the Braun Defendants, it was up to them and not McConnell to show that Pennsylvania is less convenient than another available forum. The trial court could not assume facts that are not contained in the certified record or otherwise put the burden on McConnell to show that private and public factors support keeping this case in Pennsylvania. Nor could the trial court focus exclusively on this case's remoteness from Pennsylvania without weighing them against the relevant circumstances which link this case to Pennsylvania. If it does so, it is an abuse of discretion.

### III.

### A.

As to the private interest factors of *forum non conveniens,* the Braun Defendants focus heavily on the claim that McConnell's medical care providers will be critical for establishing whether she has, in fact, been injured by the VenaTech Filter, and, if so, the extent of her damages. However, the Braun Defendants have not specifically identified any such witnesses and nothing in the record suggests that such witnesses will refuse to attend the trial. No

discovery has taken place yet so the need for and import of such testimony is far from settled. The trial court could not justify this case's dismissal with an assumption that there are indispensable witnesses in Texas whose presence at trial is in doubt.

More importantly, the Braun Defendants cannot rely on potential inconveniences to McConnell as a basis for dismissal on the grounds of *forum non conveniens*. As the plaintiff, McConnell has the burden of proof at trial as to causation and damages, making it her obligation to procure evidence to that effect. If McConnell is unable to elicit the evidence she needs to prove her case, then it is a *benefit* to the Braun Defendants, not an inconvenience. *See Vaughan*, 208 A.3d at 77 ("Moreover, the trial court's concern that [plaintiff's] fact witnesses for damages are located in North Carolina is not persuasive. In our view, any difficulty a *plaintiff* faces in securing evidence necessary to prove a cause of action is not a valid reason to override the plaintiff's forum preference.") (Emphasis in original, citation omitted).

Next, in addressing the private factors, the trial court did not consider the presence of BIS employees in Lehigh County. It discounted that evidence because the Braun Defendants only submitted the affidavits of those witnesses in support of the motion to transfer the case and not their motion to dismiss. *See* Trial Court Opinion, at 3, 10. The trial court abused its discretion in not considering the affidavits because, regardless of why that evidence was

introduced, it showed that Pennsylvania is more convenient for the Braun Defendants than either Texas or Michigan.

In his affidavit, BIS's president admitted that several employees who reside in Lehigh County are potential trial witnesses. These employees personally engaged in the sale, distribution and marketing of the VenaTech Filter. Such conduct will indisputably be of great interest at trial. If, for example, those BIS employees were privy to defects in the device and still marketed it as safe, the conduct would be highly pertinent to McConnell's claims. These BIS employees are all the more germane to the private factors of *forum non conveniens* because moving the case to Texas or Michigan would take away from McConnell the relative ease of access both to witnesses and other sources of proof, increasing the practical problems that make trial of a case easy, expeditious and inexpensive. The affidavits confirm this lack of relative access because they amounted to an admission that Texas or Michigan would be far more burdensome forums for them than Pennsylvania.[9]

The Braun Defendants also contend that Philadelphia is an inconvenient forum because many of McConnell's claims hinge on evidence located in

---

[9] In several affidavits, BIS employees outlined how a trial in Philadelphia County would be extremely disruptive to their lives in Lehigh County. This is compelling evidence that holding the trial in Texas or Michigan would be even more difficult for these potential witnesses and, therefore, *less* convenient for the Braun Defendants. The trial court did not at all consider this evidence showing that Pennsylvania is a more convenient and appropriate forum for McConnell's trial than Texas or Michigan.

France, and that the distance between Pennsylvania and that locale may pose logistical difficulties. However, for the purposes of *forum non conveniens* in this case, the French connection is a wash. The Braun Defendants do not suggest that McConnell must seek relief in a European court. The parties and the trial court agreed that McConnell should be able to file suit somewhere in the United States.

This means that any domestic venue – whether in Pennsylvania, Texas or Michigan – would be equally remote from evidence of a design and manufacturing defect in France. ***See generally Farley***, 638 A.2d at 1031 ("The burdens of trying this case in New York appear to be equal to the burdens of trying the case in Philadelphia, Pennsylvania. Regardless of where the case is tried, witnesses and documents are going to have to be brought from the other state."); ***D'Alterio***, 845 A.2d at 854 (dismissal was abuse of discretion in part because defendant "failed to allege that its access to sources of proof or to witnesses would be impeded by trial in [plaintiff's chosen forum].").

BMI and BIS both have corporate offices in Pennsylvania; so in terms of convenience for those defendants, that forum state seems as good as any other. ***See Wright***, 905 A.2d at 551 ("In fact, Philadelphia County, with its proximity to the relevant corporate offices of four appellees-defendants, appears to be quite a convenient jurisdiction for the trial of the case."). While the Braun Defendants argue that Philadelphia County will be overburdened by

numerous other VenaTech Filter cases, it appears that litigating all the claims in one place, near their corporate offices, would be much more convenient than litigating those cases in countless jurisdictions simultaneously.[10]

The Braun Defendants' application of law concerns are of no moment because the record does not suggest that any forum would make a trial more or less convenient in this respect. In their briefs, the parties agree that the law of McConnell's home state of Texas is likely controlling. The Braun Defendants have not shown how the application of Texas law could make a difference in the outcome of this suit.[11] The trial court could not find that it would be inconvenient or undesirable for a Pennsylvania court to apply the law of another jurisdiction without evidence that the law of the two forums is

---

[10] The Braun Defendants have argued that Philadelphia County may soon be flooded by hundreds of products liability suits regarding the VenaTech Filter. They suggest that such a burden vastly outweighs any public interest the forum might have in hosting such cases. There is no evidence in this record that the Court of Common Pleas of Philadelphia County does not have an ability to expeditiously handle mass torts – when, in fact, it has a Mass Tort Section to do so.

[11] The trial court weighed the fact that a Pennsylvania court lacks subpoena power over non-party Texas witnesses but did not consider the Texas laws that govern McConnell's products liability claims. This further illustrates that the trial court did not fully weigh all relevant factors or hold the Braun Defendants to their burden of proving that another state is a more suitable forum than Pennsylvania. Had the trial court done so, it would have become apparent that Texas and Pennsylvania have both adopted the Second Restatement (Torts) for products liability claims. *See Tincher v. Omega Flex, Inc.*, A.3d 328, 400 (Pa. 2014); *Clay v. AIG Aerospace Ins. Servs., Inc.*, 488 S.W.3d 402, 407 (Tex. App. 2016).

materially different in some way or cumbersome for a judge in that forum to apply. *See id*. at 551 ("[T]here is no basis upon which to conclude that the law determined to be applicable is beyond the ken of a Philadelphia trial judge.").

**B**.

We now turn to the relevant public factors. Although Texas and Michigan have an obvious interest in the health of their residents and the performance of their physicians, Pennsylvania's interests are implicated as well. If held in Pennsylvania, a trial would determine whether corporations with a principal place of business and a headquarters located within it have sold, marketed and distributed a product that may have injured people across the country. The trial court abused its discretion as to the public factors because it disregarded Pennsylvania's interests and improperly focused on whether *Philadelphia* is a convenient forum.[12]

It is undisputed that a number of BIS employees work and reside in Pennsylvania. These witnesses may have personal knowledge about matters which relate to McConnell's case, such as the sale, marketing, distribution and post-market surveillance of the VenaTech Filter, a product shipped all over the

---

[12] The trial court's opinion and the Braun Defendants' brief tend to conflate (a) a motion to dismiss the case from Pennsylvania with (b) a motion to transfer the case from Philadelphia County to Lehigh County. A case's lack of connection to one county does not justify dismissal from the entire state.

country, including in Pennsylvania. BMI and BIS both maintain corporate offices in Lehigh County. The trial court did not analyze Pennsylvania's interest in the outcome of the case with those meaningful ties in mind.

In *Wright*, this Court emphasized that a products liability case should not be dismissed due to lack of ties to a particular county when a defendants' marketing decisions have a statewide or national impact:

> With regard to the public factors, this litigation involves seven pharmaceutical companies that market vaccines and immune globulin products in Pennsylvania. Thus, there is little support for the conclusion that the people of Pennsylvania have no interest in this case, particularly since appellants aver that several of these in the Commonwealth.

*Wright*, 905 A.2d at 551; *see also Vaughan*, 208 A.3d at 77 (finding public interest factors established where the defendants were "Pennsylvania-based . . . companies [that] maintain robust sales and marketing departments in Pennsylvania.")

*Wright's* discussion of public interest factors as to nationally distributed medical products applies squarely to the scenario now before us. The VenaTech Filter was designed and manufactured in France, but the marketing, sale and post-market surveillance of the product from within Pennsylvania is the crux of many of McConnell's claims. This type of corporate action is compelling evidence of a public interest factor that must be considered in an analysis of *forum non conveniens*. *See Hunter v. Shire US, Inc.*, 992 A.2d 891 (Pa. Super. 2010) ("There is no question that the central issue herein relates to Appellant's development, testing, and marketing of Adderall, and its

knowledge of and warnings about the risks of heart attack from ingesting that drug. The events relating to these activities were conducted by Appellant's employees in Pennsylvania.").

The trial court abused its discretion because it gave no weight to many relevant factors and too much weight to irrelevant ones. The Braun Defendants, as the parties moving for dismissal, did not carry their burden of showing why a trial in Pennsylvania would be inconvenient. Because the trial court misapplied the law and the circumstances of this case do not warrant dismissal, the order on review must be reversed. *See Vaughan*, 208 A.3d at 77 ("In sum, faced with private and public factors that clearly support Vaughan's choice to proceed in Philadelphia, we conclude there were not weighty reasons to disturb [plaintiff's] choice of forum.").[13] However, because

_____

[13] The Braun Defendants and the trial court both rely on *Engstrom v. Bayer Corp.,* 855 A.2d 52 (Pa. Super. 2004), a case that involved the ingestion of Alka-Seltzer Plus, which contained a decongestant ingredient, phenylpropanolamine (PPA), that caused users to suffer a hemorrhagic stroke. The plaintiffs in that case did not reside in Pennsylvania and the product was not designed or manufactured in Pennsylvania. *Engstrom*, 855 A.2d at 54. While the defendant in *Engstrom* had corporate headquarters in Pennsylvania, it was incorporated in Indiana, where the medication was developed and produced. *Id*. In 1995, the division that developed and produced the medication relocated to New Jersey. *Id*. Only one material witness was located in Pennsylvania. *Id*. In this case, unlike in *Engstrom*, there are several potential trial witnesses with material personal knowledge who have averred that a trial outside of Pennsylvania would be extremely burdensome. Moreover, the foreign jurisdiction where the allegedly defective product was designed and manufactured is another country rather than another state. Considering all that, the facts of the present case are more akin to those in the more recent opinions. *See Vaughan Estate of Vaughan*

the issue of transfer from Philadelphia County to Lehigh County is not before us, the Braun Defendants' pending motion may be considered by the trial court on remand.

Order vacated; case remanded. Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn, Esq.*
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/16/19</u>

---

*v. Olympus Am., Inc.*, 208 A.3d 66, 77 (Pa. Super. 2019); **Hunter v. Shire US, Inc.**, 992 A.2d 891 (Pa. Super. 2010); and **Wright v. Aventis Pasteur, Inc.,** 905 A.2d 544 (Pa. Super. 2006).