J-A22042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEPHEN A. VARS, AN INDIVIDUAL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| B. BRAUN MEDICAL INC., A | : | No. 3052 EDA 2018 |
| PENNSYLVANIA  CORPORATION, B. | : | |
| BRAUN INTERVENTIONAL  SYSTEMS | : | |
| INC., A DELAWARE CORPORATION, | : | |
| AND B. BRAUN MEDICAL S.A.S., A | : | |
| FRENCH  CORPORATION, | : | |

Appeal from the Order Entered August 22, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  01155 June Term, 2017

BEFORE:  MURRAY, J., STRASSBURGER, J.*, and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:         **FILED OCTOBER 17, 2019**

The Appellant, Stephen A. Vars (Vars), appeals the order of the

Philadelphia Court of Common Pleas dismissing his products liability suit on

the ground of *forum non conveniens*.  Vars argues that the trial court abused

its discretion because the Appellees, B. Braun Medical Inc. (BMI); B. Braun

Interventional Systems, Inc. a Delaware Corporation (BIS); and B. Braun

Medical S.A.S., a French Corporation (B. Braun France) (collectively, the Braun

_____

* Retired Senior Judge assigned to the Superior Court.

Defendants), failed to show that Pennsylvania is an inconvenient forum for his claims. We reverse and remand.

Vars' products liability action arises from the implantation of a "VenaTech LP Vena Cava Filter" (VenaTech Filter).[1] At the time of the implantation in 2005, Vars resided in Washington where the procedure was performed. In 2015 and 2016, while residing in Washington, Vars underwent CT scans which allegedly revealed that the VenaTech Filter had malfunctioned, causing recoverable damages.

According to Vars' complaint, the device is designed to be implanted in a person's inferior vena cava, a central vein in the heart. Complaint, 6/16/2017, at ¶¶ 17-18. The device's purpose is to prevent blood clots from traveling from the legs and pelvis to the heart and lungs. *Id.* at ¶ 19. Once the VenaTech Filter is literally hooked to the heart, it remains fixed in place permanently and cannot be safely removed. *Id.* at ¶¶ 20-22.

Vars asserts that the device "failed" and has "penetrated through the caval wall," posing a danger of the fatal medical events the device was meant to prevent, as well as the risk of further perforation of his heart. *Id.* ¶¶ at 23-25. This will require "ongoing medical care and monitoring for the rest of his life." *Id.* at ¶ 24.

_____

[1] The facts are gleaned from the trial court's opinion and the certified record.

Vars filed his complaint in 2017 in Philadelphia County, alleging seven causes of action: Negligence, Strict Products Liability/Failure to Warn, Strict Products Liability/Design Defect, Strict Products Liability/Manufacturing Defect, Breach of Implied Warranty of Merchantability, Negligent Misrepresentation, and Punitive Damages.

Within the next year and before the parties began discovery, BMI and BIS filed a two-part motion based on the doctrine of *forum non conveniens*. First, they moved to dismiss Vars' complaint, arguing that the suit should be refiled in his home state of Washington where the device was implanted. Alternatively, they sought for the case to be transferred to Lehigh County, Pennsylvania. Once B. Braun France joined the motion, the Braun Defendants all consented to a trial in Washington and to waive a statute of limitations defense in the event of dismissal.[2]

The trial court heard argument and took evidence on the *forum non conveniens* issue. It was undisputed that each of the Braun Defendants had a role in putting the VenaTech Filter into the stream of commerce, but have varying degrees of local presence in Vars' chosen forum. BMI is a Pennsylvania corporation with a headquarters in Lehigh County, Pennsylvania. BIS is a Delaware corporation with a principal place of business in Lehigh

---

[2] The Braun Defendants filed preliminary objections to venue, but the trial court ruled that venue was proper based on the Braun Defendants' contacts with Philadelphia County. This ruling is not now at issue.

County. B. Braun France is a French corporation with no physical presence in the United States.

B. Braun France designed and manufactured the VenaTech Filter, but the Food and Drug Administration (FDA) only approved the domestic sale and marketing of the device in 2001. From that date and on an exclusive basis, BMI imported and distributed VenaTech Filters throughout the United States.

In 2007, BMI transferred its FDA clearances to BIS, who has since maintained exclusive rights to the VenaTech Filter in the United States. BMI and BIS allegedly marketed the device as safe for permanent placement in a human subject's heart. Either BMI or BIS marketed and sold the particular device at issue in Vars' suit, along with every other unit of the VenaTech Filter distributed in the United States since 2001.

At the hearing on the subject motion, the Braun Defendants emphasized that VenaTech Filter was designed and manufactured in France; that Vars had the VenaTech Filter implanted in Washington; and that he has never resided in Pennsylvania. They claimed that neither the parties nor Pennsylvania has an interest in the litigation and that another forum is available and more convenient for trial purposes.

Notably, however, the Braun Defendants introduced an affidavit by the president of BIS, Paul O'Connell (O'Connell), who stated that although he resides in Illinois, there are other "potentially relevant witnesses from BIS – for example, the employees who are responsible for distribution, sales, and

post-market surveillance of the VenaTech – reside and work in Lehigh County." O'Connell, Affidavit, ¶ 13 (emphasis added).

In the subject motion, the Braun Defendants identified and described these potential trial witnesses as follows:

- Doris Benson, a Senior Market and Quality Associate who can testify to distribution, sales, post-market surveillance of the VenaTech Filter.

- Peter Flosdort, an engineering manager responsible for the Quality/Regulatory/Product Development departments, which includes "complaint reporting and medical device report" and investigation of "non-conforming lots" in the event of a recall.

- Jason Curtis, a Project Manager who is a "Quality" designee for BIS in charge of "certain tasks that only he is authorized to perform."

BMI and BIS, Motion to Dismiss or Transfer for *Forum Non Conveniens*, 8/8/2017, at 9-12. All three of those BIS employees stated in an affidavit that it would be a hardship for them to leave their homes in Lehigh County in order to attend a trial 60 miles away in Philadelphia County.[3]

On August 21, 2018, the case was dismissed. In its opinion, the trial court found that Pennsylvania has little interest in resolving Vars' products liability claims because "the record indicates – despite the corporate presence

---

[3] The Braun Defendants argued that Philadelphia County would be so inconvenient for these BIS employees that the trial should be transferred to Lehigh County. The logical conclusion of that claim is that if a trial in Philadelphia County would be highly disruptive to the lives of those potential witnesses, then a trial in Washington would be even more so.

of [BMI and BIS] – the decisions and documentation for the lotus of [Vars's] action arose outside of Pennsylvania." Trial Court Opinion, 2/14/2019, at 10.

The trial court outlined several other reasons for granting the dismissal. It reasoned that if the case were re-filed in Vars' home state, potential difficulties in applying out-of-state law would be avoided and the presence of witnesses could more easily be ensured. *Id*. It was presumed that causation and damages would be hotly contested issues at trial, and that Vars' medical care providers in Washington would be unwilling to attend a Pennsylvania trial. *See id*. at 10-11.[4]

The trial court assigned little to no weight to the fact that employees of BMI and BIS made marketing, sale and distribution decisions within Pennsylvania. *Id*. at 11-12. The trial court ruled that the physical presence of any documentation in Pennsylvania or elsewhere would be immaterial because it can be electronically transmitted. *Id*. at 11. The trial court did not reach the Braun Defendants' alternative motion to transfer the case to Lehigh County.

Vars timely appealed and both Vars and the trial court complied with Rule 1925. In his brief, Vars asserts the following issue for our consideration:

---

[4] Pennsylvania has adopted the Uniform Interstate Depositions and Discovery Act (UIDDA), which makes non-party witnesses subject to compulsory deposition and subpoena by a court in another state's jurisdiction. *See* 42 Pa.C.S. §§ 5331-71. Washington has also adopted the UIDDA. *See* Wash. Rev. Code § 5.51.902.

> [D]id the Trial Court misapply the law or render a manifestly unreasonable decision by overruling [Vars's] right to choose his forum and . . . granting the Appellees' motion to dismiss based on *forum non conveniens* when the public and private factors do not weigh strongly against his chosen forum?

Appellant's Brief, at 5.

The Braun Defendants urge us to affirm the dismissal order, stressing as they did below that any relevant conduct in Vars' action occurred outside of Pennsylvania. They argue that Vars is a Washington resident who had the subject surgery in Washington, and that the VenaTech Filter was designed and manufactured in France. They echo the trial court's findings that a trial in Pennsylvania would be impractical.[5]

We recently considered arguments and evidence materially identical to those here, in **McConnell v. Braun Medical, Inc.**, ---A.3d---, 2019 PA Super 310 (filed October 16, 2019). We concluded in **McConnell** that the plaintiff's case could be heard in Pennsylvania and that the trial court improperly dismissed the case based on *forum non conveniens*. For nearly identical reasons to those outlined in **McConnell**, the order of dismissal in the present case must be reversed. However, because the issue of transfer from

---

[5] The Braun Defendants also contend that the case should be heard elsewhere because the Philadelphia County courts are too congested to handle it promptly. This argument is largely based on facts which cannot be considered on appeal for lack of a basis in the certified record. In addition, the record contains no information about the caseloads of alternative forums, so it is impossible to compare their respective capacities.

Philadelphia County to Lehigh County is not before us, the Braun Defendants'

pending motion may be considered by the trial court on remand.

Order reversed; case remanded; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/19