J-A22043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VICKIE L. JEANS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| B. BRAUN MEDICAL INC., A | : | No. 3071 EDA 2018 |
| PENNSYLVANIA CORPORATION, B. | : | |
| BRAUN INTERVENTIONAL SYSTEMS | : | |
| INC., A DELAWARE CORPORATION, | : | |
| AND B. BRAUN MEDICAL S.A.S., A | : | |
| FRENCH CORPORATION | : | |

Appeal from the Order Entered August 20, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 160802546

BEFORE:  MURRAY, J., STRASSBURGER, J.*, and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:                    **FILED OCTOBER 17, 2019**

The Appellant, Vickie L. Jeans (Jeans), appeals the order of the Philadelphia Court of Common Pleas dismissing her products liability suit on the ground of *forum non conveniens*.  Jeans argues that the trial court abused its discretion because the Appellees, B. Braun Medical Inc. (BMI); B. Braun Interventional Systems, Inc. a Delaware Corporation (BIS); and B. Braun Medical S.A.S., a French Corporation (B. Braun France) (collectively, the Braun

_____

* Retired Senior Judge assigned to the Superior Court.

Defendants), failed to show that Pennsylvania is an inconvenient forum for her claims. We reverse and remand.

Jeans' products liability action arises from the implantation of a "VenaTech LP Vena Cava Filter" (VenaTech Filter).[1] At the time of the implantation in 2009, Jeans resided in Mississippi and she had the procedure performed in Tennessee. In 2015, while residing in Mississippi, Jeans underwent another medical procedure, at which time she allegedly discovered that the VenaTech Filter had malfunctioned, causing recoverable damages.

According to Jeans' complaint, the device is designed to be implanted in a person's inferior vena cava, a central vein in the heart. Complaint, 8/19/2016, at ¶¶ 17-18. The device's purpose is to prevent blood clots from traveling from the legs and pelvis to the heart and lungs. *Id.* at ¶ 18. Once the VenaTech Filter is literally hooked to the heart, it remains fixed in place permanently and cannot be safely removed. *Id.* at ¶¶ 20-22.

Jeans asserts that the device "failed" and caused perforations of the caval wall, putting her at numerous health risks, "including the risk of death." *Id.* at ¶ 24. This will require "ongoing medical care and monitoring for the rest of her life." *Id.*

Jeans filed her complaint in 2016 in Philadelphia County, alleging seven causes of action: Negligence, Strict Products Liability/Failure to Warn, Strict

---

[1] The facts are gleaned from the trial court's opinion and the certified record.

Products Liability/Design Defect, Strict Products Liability/Manufacturing Defect, Breach of Implied Warranty of Merchantability, Negligent Misrepresentation, and Punitive Damages.

Within the next year and before the parties began discovery, BMI and BIS filed a two-part motion based on the doctrine of *forum non conveniens*. First, they moved to dismiss Jeans' complaint, arguing that the suit should be refiled in her home state of Mississippi or in Tennessee where the device was implanted. Alternatively, they sought for the case to be transferred to Lehigh County, Pennsylvania. Once B. Braun France joined the motion, the Braun Defendants all consented to a trial in Mississippi or Tennessee and to waive a statute of limitations defense in the event of dismissal.[2]

The trial court heard argument and took evidence on the *forum non conveniens* issue. It was undisputed that each of the Braun Defendants had a role in putting the VenaTech Filter into the stream of commerce, but have varying degrees of local presence in Jeans' chosen forum. BMI is a Pennsylvania corporation with a headquarters in Lehigh County, Pennsylvania. BIS is a Delaware corporation with a principal place of business in Lehigh County. B. Braun France is a French corporation with no physical presence in the United States.

---

[2] The Braun Defendants filed preliminary objections to venue, but the trial court ruled that venue was proper based on the Braun Defendants' contacts with Philadelphia County. This ruling is not now at issue.

B. Braun France designed and manufactured the VenaTech Filter, but the Food and Drug Administration (FDA) only approved the domestic sale and marketing of the device in 2001. From that date and on an exclusive basis, BMI imported and distributed VenaTech Filters throughout the United States.

In 2007, BMI transferred its FDA clearances to BIS, who has since maintained exclusive rights to the VenaTech Filter in the United States. BMI and BIS allegedly marketed the device as safe for permanent placement in a human subject's heart. Either BMI or BIS marketed and sold the particular device at issue in Jeans' suit, along with every other unit of the VenaTech Filter distributed in the United States since 2001.

At the hearing on the subject motion, the Braun Defendants emphasized that VenaTech Filter was designed and manufactured in France; that Jeans had the VenaTech Filter implanted in Tennessee; and that she has never resided in Pennsylvania. They claimed that neither the parties nor Pennsylvania has an interest in the litigation and that another forum is available and more convenient for trial purposes.

Notably, however, the Braun Defendants introduced an affidavit by the president of BIS, Paul O'Connell (O'Connell), who stated that although he resides in Illinois, there are other "potentially relevant witnesses from BIS – for example, the employees who are responsible for distribution, sales, and post-market surveillance of the VenaTech – reside and work in Lehigh County." O'Connell, Affidavit, ¶ 13 (emphasis added).

In the subject motion, the Braun Defendants identified and described these potential trial witnesses as follows:

- Doris Benson, a Senior Market and Quality Associate who can testify to distribution, sales, post-market surveillance of the VenaTech Filter.

- Peter Flosdort, an engineering manager responsible for the Quality/Regulatory/Product Development departments, which includes "complaint reporting and medical device report" and investigation of "non-conforming lots" in the event of a recall.

- Jason Curtis, a Project Manager who is a "Quality" designee for BIS in charge of "certain tasks that only he is authorized to perform."

BMI and BIS, Motion to Dismiss or Transfer for *Forum Non Conveniens*, 8/8/2017, at 9-12. All three of those BIS employees stated in an affidavit that it would be a hardship for them to leave their homes in Lehigh County in order to attend a trial 60 miles away in Philadelphia County.[3]

On August 20, 2018, the case was dismissed and Jeans timely appealed. In its opinion, the trial court found that Pennsylvania has little interest in resolving Jeans' products liability claims. Trial Court Opinion, 12/20/2018, at 4-5.

_____

[3] The Braun Defendants argued that Philadelphia County would be so inconvenient for these BIS employees that the trial should be transferred to Lehigh County. The logical conclusion of that claim is that if a trial in Philadelphia County would be highly disruptive to the lives of those potential witnesses, then a trial in Tennessee or Mississippi would be even more so.

The trial court outlined several other reasons for granting the dismissal. It reasoned that if the case were re-filed in Jeans' home state or Tennessee, potential difficulties in applying out-of-state law would be avoided and the presence of witnesses could more easily be ensured. *Id*. at 5. It was presumed that causation and damages would be hotly contested issues at trial, and that Jeans' medical care providers in Mississippi and Tennessee would be unwilling to attend a Pennsylvania trial. *Id*.[4]

The trial court assigned little to no weight to the fact that employees of BMI and BIS made marketing, sale and distribution decisions within Pennsylvania. The trial court ruled that the physical presence of any documentation in Mississippi or Tennessee would make it inconvenient to hold the trial in Pennsylvania. *Id*. The trial court did not reach the Braun Defendants' alternative motion to transfer the case to Lehigh County.

Jeans timely appealed and both Jeans and the trial court complied with Rule 1925. In her brief, Jeans asserts the following issue for our consideration:

> [D]id the Trial Court misapply the law or render a manifestly unreasonable decision by overruling [Jeans's] right to choose her forum and . . . granting the Appellees' motion to dismiss based on *forum non conveniens* when the public and private factors do not weigh strongly against her chosen forum?

---

[4] Pennsylvania has adopted the Uniform Interstate Depositions and Discovery Act (UIDDA), which makes non-party witnesses subject to compulsory deposition and subpoena by a court in another state's jurisdiction. *See* 42 Pa.C.S. §§ 5331-71. Mississippi and Tennessee have also adopted the UIDDA. *See* Miss. Code Ann. § 11-59-1; Tenn. Code Ann. § 24-9-201.

Appellant's Brief, at 5.

The Braun Defendants urge us to affirm the dismissal order, stressing as they did below that any relevant conduct in Jeans' action occurred outside of Pennsylvania. They argue that Jeans is a Mississippi resident who had the subject surgery in Tennessee, and that the VenaTech Filter was designed and manufactured in France. They echo the trial court's findings that a trial in Pennsylvania would be impractical.[5]

We recently considered arguments and evidence materially identical to those here, in *McConnell v. Braun Medical, Inc.*, –––A.3d–––, 2019 PA Super 310 (filed October 16, 2019). We concluded in *McConnell* that the plaintiff's case could be heard in Pennsylvania and that the trial court improperly dismissed the case based on *forum non conveniens*. For nearly identical reasons to those outlined in *McConnell*, the order of dismissal in the present case must be reversed. However, the Braun Defendants' pending motion to transfer the case to Lehigh County may be considered by the trial court on remand.

Order reversed; case remanded; jurisdiction relinquished.

---

[5] The Braun Defendants also contend that the case should be heard elsewhere because the Philadelphia County courts are too congested to handle it promptly. This argument is largely based on facts which cannot be considered on appeal for lack of a basis in the certified record. In addition, the record contains no information about the caseloads of alternative forums, so it is impossible to compare their respective capacities.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/17/19</u>