J-A10025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARJEANA PARRENT AND DUANE PARRENT, W/H | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 602 EDA 2020 |
| PENSKE LOGISTICS LLC, PENSKE LOGISTICS, PENSKE LOGISTICS, INC.,  PENSKE TRUCK LEASING CORP., PENSKE TRUCK LEASING CO. LP & PTL GP LLC | : | |

Appeal from the Order Entered November 6, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  02954 Oct. Term 2018

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:            **FILED DECEMBER 27, 2021**

Marjeana Parrent and her husband, Duane Parrent, residents of Illinois, appeal from the order finding that Philadelphia was an inconvenient forum to hear their negligence claim, arising from an automobile accident in Indiana, against a Pennsylvania corporation, Penske Truck Leasing Company. We conclude that Penske failed to carry its burden of establishing "weighty reasons" to support its preference of forum over the Parrents'.  We therefore reverse and remand.

---

[*] Retired Senior Judge assigned to the Superior Court.

The essential facts relevant to this appeal are largely undisputed. On an early November morning in 2016, near Princeton, Indiana, a Penske-owned tractor trailer struck, head on, a passenger vehicle driven by Marjeana. The Parrents claim the tractor trailer driver negligently caused the accident, which left Marjeana with catastrophic neurological and orthopedic injuries. Penske currently disputes that the driver was negligent.

As noted, the Parrents reside in Illinois. Further, it is undisputed that the driver of the tractor trailer was an Indiana resident, and that the accident occurred in Indiana. Marjeana's injuries were treated in hospitals in Indiana and Illinois. It is likewise undisputed that Penske is incorporated in Pennsylvania and has a headquarters in Reading, Pennsylvania, approximately 60 miles from Philadelphia.

Just shy of two years after the accident, in late October 2018, the Parrents filed a complaint in the Court of Common Pleas of Philadelphia County against five related corporate defendants. In December, the Parrents stipulated to the dismissal of all claims except those against Penske. These remaining claims against Penske were based upon negligent hiring, training, and supervision of the drivers of Penske tractor trailers.

Penske filed an answer with new matter to the complaint in May 2019, raising, among other defenses, statutory defenses under the Pennsylvania Motor Vehicle Financial Responsibility Law and Pennsylvania No-Fault Motor Vehicle Act. While Penske also asserted that Pennsylvania in general and

Philadelphia in particular did not have subject matter jurisdiction over this matter, it did not plead any defenses explicitly under Indiana law.

Two months later, Penske filed a petition seeking transfer of this matter to Indiana pursuant to Pennsylvania Rule of Civil Procedure 1006(d). As Penske subsequently conceded, Pa.R.Civ.P. 1006(d) does not provide for transfers to courts outside of Pennsylvania. **See** Penske's Reply Brief in Further Support for its Motion to Transfer, 8/6/2019, at 1 (citing **Pisieczko v. Children's Hosp. of Philadelphia**, 73 A.3d 1260, 1262 n.3 (Pa. Super. 2013)). In its reply brief, Penske requested, for the first time, relief pursuant to 42 Pa.C.S.A. § 5322(e). Also for the first time, Penske asserted in its reply brief that it agreed "to waive any statute of limitations defense" and "accept service in Indiana." **See id**., at 2 (unnecessary boldface removed). However, Penske did not make the same promises about any other jurisdiction. Further, Penske's assertions, being in its reply brief and not an amended petition, were not verified.

After permitting discovery and the submission of additional documents, the trial court ultimately granted Penske's petition and dismissed the Parrents' complaint, "without prejudice, to be re-filed in Gibson County, Indiana[.]" This timely appeal followed.

On appeal, the Parrents argue that the trial court erred in dismissing their complaint on the grounds of inconvenient forum. We review the court's order dismissing the Parrents' complaint for an abuse of discretion. **See**

- 3 -

***Vaughan Estate of Vaughan v. Olympus Am., Inc.***, 208 A.3d 66, 75 (Pa. Super. 2019).

Here, the court acted under the authority of 42 Pa.C.S.A. § 5322(e): "When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just." To justify dismissing the Parrents' complaint under § 5322(e), the court was required to conclude that "weighty reasons" supported a preference for Penske's choice of Indiana over the Parrents' choice of Pennsylvania to litigate this matter. ***See Vaughan***, 208 A.3d at 76.[1] Courts should not dismiss complaints under § 5322(e) "unless justice *strongly* militates in favor of relegating the plaintiff to another forum." ***McConnell v. B. Braun Medical Inc.***, 221 A.3d 221, 227 (Pa. Super. 2019) (citation omitted)(emphasis in original).

Penske, as the party seeking dismissal, had the burden of proof. ***See id***., at 228. Therefore, it was up to Penske to establish that weighty reasons strongly militated in favor of Indiana as a forum. ***See id***., at 229. To do so, it was required to present evidence of record capable of establishing that a combination of private and public interest factors supported Indiana as a forum over Pennsylvania. ***See id***., at 227. Private factors concern making

---

[1] Penske was also required to establish that Indiana was available as a forum to hear the Parrents' complaint. On appeal, the Parrents do not challenge the trial court's conclusion that Indiana was available to hear their complaint. As a result, we do not address this conclusion.

litigation as easy, expeditious, and inexpensive as practical, and encompass issues such as the availability of necessary witnesses. *See id*. Public factors include assessing whether Pennsylvania's court system would be unduly burdened by hosting the trial, the burden of jury duty on the citizenry when a case has no connection to them, and the ability of a Pennsylvania judge to apply the law of the appropriate forum. *See id*., at 227-228. Penske bore the burden of establishing that Pennsylvania was inconvenient to it; it is assumed that the Parrents, in choosing Pennsylvania, find it more convenient than Indiana. *See id*., at 229. Finally, the focus is on Pennsylvania as a forum, not Philadelphia County. *See id*., at 231, n.12 ("A case's lack of connection to one county does not justify dismissal from the entire state").

We begin our review by noting that Penske, with headquarters in Pennsylvania, will have difficulty showing that "convenience is a factor that weighs in favor of dismissal," even though the Parrents reside in Illinois. *See id*., at 228.[2] To support its motion to dismiss, Penske presented three facts. First, that the accident and treatment of Marjeana's injuries did not occur in

_____

[2] Penske argues that because the Parrents have chosen "a foreign forum," their choice of Pennsylvania deserves less deference. *See* Appellee's Brief, at 21 (*citing* **Aerospace Fin. Leasing, Inc. v. New Hampshire Ins. Co.**, 696 A.2d 810, 814 (Pa. Super. 1997). We note that both Indiana and Pennsylvania are foreign to the Parrents, who reside in Illinois. Penske has not sought to have the case transferred to the Parrents' home forum, Illinois, and therefore it is arguably not available to them. Further, as we note, Pennsylvania is, in fact, Penske's home forum, which Penske is seeking to avoid. We see no reason under these circumstances to devalue the Parrents' choice of Pennsylvania relative to Penske's preference for Indiana.

Pennsylvania. This certainly is a factor that impacts the convenience of litigating at least some of the Parrents' causes of action. For example, the 14 claims of negligence against the driver of Penske's tractor trailer would all be more convenient to litigate in Indiana.

However, the remaining eight claims of negligent supervision and training would not involve the same witnesses. Instead, these claims would involve witnesses and documents that it is reasonable for the Parrents to assume would be located at Penske's headquarters. *See*, *e.g.*, *Vaughan*, 208 A.3d at 76 (noting that a plaintiff can establish access to relevant evidence in a forum based upon relevant corporate actions taken there). Again, it is important to note that the burden is not on the Parrents to establish convenience. The burden is on Penske to establish weighty reasons to disturb the Parrents' choice of Pennsylvania as a forum.

Since the Parrents apparently believe that the negligent hiring, training, and supervision claims will be more convenient to litigate in Penske's home state, there is no meaningful way to balance the competing convenience interests relevant to each cause of action. Based on the record before us, we cannot conclude that Penske has established all of the Parrents' claims would be more convenient to litigate in Indiana.

Penske does argue that at least one witness relevant to the negligent supervision and training claims is in Indiana. *See* Appellee's Brief, at 25. Importantly, however, Penske does not cite to the record in support of this

claim, and our review has not revealed an affidavit from this unnamed individual.[3] It therefore has provided no evidence that trial in Pennsylvania would be inconvenient for this unidentified person.

Similarly, Penske argues that the relevant "training, practices and procedures are locale-dependent." *Id*., at 25-26. Once again, however, Penske does not cite to the record in support of this assertion, and our review of the record has not revealed an affidavit to support this contention.

Penske argues stringently that the Parrents "make[] the bold assumption that the unidentified and unnoticed corporate defense witness[es] will somehow be deposed at the Reading location." Appellee's Brief, at 26. But Penske's argument misunderstands the burden of proof in this action; the Parrents did not have any burden to identify the corporate witnesses. Indeed, the information Penske complains is missing from the record is information almost completely within its own control. If it had wished to make the case that the employees with the relevant information and documentation were located outside Pennsylvania, it is hardly a stretch to say that it could have done so. Under all these circumstances, we cannot conclude that the mere fact of the accident happening in Indiana establishes a weighty reason to disturb the Parrents' choice of Penske's home state as a forum for this matter.

---

[3] As appellee, Penske does not face waiver for its failure to cite to the record in support of its arguments. Regardless, the Rules of Appellate Procedure do not distinguish between appellants and appellees in requiring citations to the record. **See** Pa.R.A.P. 2119(c).

The other two evidentiary grounds for Penske's motion to dismiss are affidavits from emergency medical personnel who responded to the accident in Indiana. Both affidavits establish that it would be inconvenient for these professionals to travel to Pennsylvania for litigation purposes and would impose a hardship on their employers.

However, Penske has not made any effort to establish the relevance of these two professionals. Their affidavits do not establish that they are qualified to opine on causation, or the long-term effects of any injuries sustained during the accident. Nor do they appear to be competent to testify on any issue that happened after the ambulance ride from the scene of the accident. Even with their testimony, both the Parrents and Penske seem likely to call on other medical professionals to supply relevant testimony. Further, these other medical professionals will likely be able to rely on communications with these emergency responders in forming their own expert opinions. *See* Pa.R.E. 703.

We recognize that the testimony of these two affiants may turn out to be relevant to the issues at trial. We further acknowledge that the inconvenience to the affiants and their employers could qualify as a weighty reason. But Penske has not supplied any evidence or reasoning that their testimony is critical. While Penske has made a showing that these affiants might be called on to participate in the litigation, it is still entirely possible, based on this record, that neither witness would be deposed or called to testify. The absence of any certainty that they would be called to participate

largely negates the impact of these two affiants. As such, we conclude that the trial court erred in finding that the private factors supported dismissal of the Parrents' complaint.

Turning to the public factors that must be considered, we note the trial court did not explicitly identify any that supported its decision. As a result, we cannot conclude that any public factors support dismissal. We further note that Pennsylvania has an interest in the outcome of this litigation, as it ostensibly involves hiring, training, and supervision decisions made within the Commonwealth. *See Vaughan*, 208 A.3d at 77.

As we conclude that the evidence of record is insufficient to support a finding of weighty reasons to disturb the Parrents' choice of forum, we reverse the trial court's order dismissing the complaint and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2021