590 A.2d 1278

**Raymond and Georgene PAGE, h/w, Individually and as Parents and Natural Guardians of Frank Page, a Minor, Appellants,**

v.

**Dr. Lamar EKBLADH, M.D.**

Superior Court of Pennsylvania.

Argued Dec. 11, 1990.

Filed May 13, 1991.

John P. McKelligott, Philadelphia, for appellants.

Joseph A. Ricci, Harrisburg, for appellee.

Before CIRILLO, President Judge, and JOHNSON and BROSKY, JJ.

CIRILLO, President Judge:

Raymond and Georgene Page, (the "Pages") individually and as parents and natural guardians of Frank Page, appeal the order entered in the Court of Common Pleas of Dauphin County granting defendant-appellee Dr. Lamar Ekbladh's ("Ekbladh") preliminary objections in the form of a motion to dismiss pursuant to the doctrine of *forum non conveniens*. *See* 42 Pa.C.S. § 5322(e).[1] We vacate the order entered by the trial court and remand for further proceedings.

---

1. Section 5322(e) of Title 42 provides:
   **(e) Unconvenient forum.**—When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.
   42 Pa.C.S. § 5322(e).

The factual and procedural history of the case is as follows. On July 19, 1983, in Williamsburg, Virginia, Ekbladh, an obstetrician, admitted Georgene Page, in active labor, to the Williamsburg Community Hospital. Mrs. Page had been under the care of the medical offices of Jones and Jenkins with whom Ekbladh was associated. Ekbladh had previously examined Georgene Page on July 15, 1983, at which time he told her she was experiencing false labor. On July 20, 1983, Ekbladh delivered the Pages' son, Frank. Frank was born with numerous congenital anomalies and retardation so severe that he will always require care and assistance with the most basic activities of daily living. At the time of Frank's birth both the Pages and Ekbladh were citizen-residents of the Commonwealth of Virginia.

In 1985, the Pages moved to Philadelphia, Pennsylvania, where they presently reside. In 1987, Ekbladh moved to Dauphin County, Pennsylvania, where he continues to reside. On February 8, 1989, the Pages filed the present action in Dauphin County, alleging that Frank's irreversible condition was caused by Ekbladh's negligent pre- and post-natal treatment of Georgene Page. On February 28, 1989, Ekbladh filed preliminary objections in the form of a motion to dismiss pursuant to the doctrine of *forum non conveniens*. On April 6, 1990, the trial court sustained Ekbladh's preliminary objections and dismissed the Pages' action based on the premise that the Commonwealth of Virginia was a more convenient forum than Dauphin County for litigation of the Pages' malpractice action. This timely appeal followed.

We note that although the Pages have enumerated two issues and several sub-issues in their statement of questions involved, essentially, they claim that the trial court abused its discretion in dismissing their action pursuant to the doctrine of *forum non conveniens*. We therefore address these issues as a single claim.[2]

2. The Pages present the following issues in their statement of questions involved:

■ The decision to dismiss an action because it may be more conveniently litigated elsewhere is discretionary with the trial court and is, therefore, reviewable only for an abuse of discretion. *Beatrice Foods Co. v. Proctor and Schwartz,* 309 Pa.Super. 351, 359, 455 A.2d 646, 650 (1982) (citations omitted). Moreover, "[a]buse of discretion is shown by a record of misapplication of the law, or judgment that is manifestly unreasonable, or motivated by partiality, prejudice, bias, or ill-will." *Id.,* 309 Pa.Superior Ct. at 359, 455 A.2d at 651 (*citing Buchanan v. Century Federal Savings and Loan Association,* 259 Pa.Super. 37, 393 A.2d 704 (1978)). With this standard in mind, we address the trial court's application of the doctrine of *forum non conveniens* to the facts of this case.

The doctrine of *forum non conveniens,* which allows a court to decline jurisdiction when a more convenient or appropriate forum for the litigation is available, developed in Scotland in the early 19th Century. *See Multinationals Fight Back With The Doctrine of Forum Non Conveniens,* 56 Def.Couns.J. 391, 392 (Oct. 1989). In this country, the doctrine has traditionally been applied by federal, admiralty and state courts when a plaintiff chooses a forum not solely in search of justice but to "vex, harass, or oppress" the defendant. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). *See also Alford v. Philadelphia Coca–Cola Bottling,* 366 Pa.Super. 510, 531

1. Whether the discretionary doctrine of *forum non conveniens* justifies a Court's depriving Plaintiffs of one or more causes of action, timely brought in a Court of proper jurisdiction and venue, by dismissing the Complaint to have it filed elsewhere when such cause of action (although timely filed herein) was barred by the statute of limitations?
a. Whether the causes of action herein were timely brought when this action was filed?
b. Whether any of the causes of action stated in the Complaint were time barred when the Order was entered granting the Preliminary objection based on the doctrine of *forum non conveniens?*
c. Whether a Court is entitled, solely on grounds of its own convenience, to deprive Plaintiffs of a forum in which to pursue their claims when jurisdiction and venue are proper?
2. Whether the Plaintiffs' choice of forum should be lightly disturbed by the Court?

A.2d 792 (1987) (same). In recent years, the doctrine has been applied with some frequency to deny foreign plaintiffs a forum where their chief purpose in pursuing the litigation is to benefit from more favorable law. *See Norman v. Norfolk and Western Railway Company*, 228 Pa.Super. 319, 323 A.2d 850 (1974). *See also In re Union Carbide Corp. Gas Plant Disaster at Bhopal, India, in December 1984*, 634 F.Supp. 842 (S.D.N.Y.1986), *aff'd and modified*, 809 F.2d 195 (2d Cir.1987), *cert. denied*, 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1988); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

Neither of these underlying policy concerns, harassment of the defendant and application of more favorable law, are applicable to the case at hand. The record reveals that the Pages have sued Ekbladh in Pennsylvania *solely* because it is their home forum, as well as the home forum of Ekbladh. We can find no case law, either in this Commonwealth or in the federal courts, where, although *both the plaintiff and the defendant* have been citizen-residents of the original forum, the trial court has dismissed the action because another forum appears more convenient. The fact that both the plaintiffs and the defendant presently reside in Pennsylvania would seem to warrant the retention of jurisdiction by the trial court over this action. However, for the purpose of completeness, we will undertake a further review of the *forum non conveniens* factors as they apply to the Pages' suit.

First,

the two most important factors for the court to consider are (1) a plaintiff's choice of the place of suit will not be disturbed except for weighty reasons, and (2) no action will be dismissed unless an alternative forum is available to the plaintiff.

*Beatrice*, 309 Pa.Super. at 359, 455 A.2d at 650. Furthermore, "a court will therefore not dismiss for *forum non conveniens* unless justice *strongly* militates in favor of relegating the plaintiff to another forum." *Id.*, 309 Pa.Superior Ct. at 360, 455 A.2d at 650 (emphasis added). This is

especially true when the plaintiff has chosen to litigate in his or her home forum. *In re Union Carbide, supra; Piper, supra.*

In order to determine if there are sufficient "weighty reasons" which may overcome a plaintiff's choice to litigate in his or her home forum, the trial court must consider both the interests of the parties and the interests of the public. *Alford, supra; Beatrice, supra; Norman, supra.* Although the doctrine is flexible, traditionally, the following factors are considered: ease of access to sources of proof; availability of compulsory process; cost of obtaining attendance of witnesses; enforceability of a judgment; and the interests of the two forums in the outcome of the litigation, which bears upon the costs and time imposed upon the people of a community which may or may not have a relation to the litigation. *See Flaxman v. Burnett,* 393 Pa.Super. 520, 531–32, 574 A.2d 1061, 1067 (1990). *See also Alford, supra; Beatrice, supra; Norman, supra; In re Union Carbide, supra; Piper, supra; Gilbert, supra.*

■ Applying these factors to the action before us, we are compelled to conclude that jurisdiction should properly have been retained in the Commonwealth of Pennsylvania. Furthermore, as application of the doctrine of *forum non conveniens* in this instance results in dismissal of the Page's suit in this Commonwealth, we conclude that the proper analysis involves an evaluation of the appropriateness of the *two Commonwealths,* Pennsylvania and Virginia, as opposed to the evaluation which the trial court conducted, of the appropriateness of Dauphin County and Virginia. *See Beatrice Foods Co. v. Proctor and Schwartz,* 309 Pa.Super. 351, 455 A.2d 646 (1982) (*forum non conveniens* analysis evaluated the forums of Pennsylvania and Maryland). An analysis of the appropriateness of a county as a forum is proper when evaluating transfer of venue from one county to another, within the Commonwealth, pursuant to Pennsylvania Rule of Civil Procedure 1006(d)(1). *See Petty v. Suburban General Hospital,* 363 Pa.Super. 277, 525 A.2d 1230 (1987) (*forum non conveniens*

analysis evaluated the forums of Philadelphia County and Montgomery County on motion to transfer venue).

We first consider the private interest factors of the parties. Initially, we note that although sources of proof are located in Virginia, the burden of obtaining this evidence falls upon the Pages who have clearly undertaken it and its accompanying costs. Further, Ekbladh admits that compulsory process is available to him in securing unwilling witnesses.

In examining other private interest factors it is also necessary to consider that the true party at interest in this action, Frank Page, is a citizen-resident of this Commonwealth whose health and welfare, due to his profound retardation, will likely be the responsibility of this Commonwealth for the rest of his natural life. Frank's parents, the Pages, work and live in Pennsylvania and pay taxes to this Commonwealth. As citizens of this Commonwealth they have a right to pursue legal actions in its courts. The Pages have spent time, money and energy instituting their action in the courts of Pennsylvania; if their appeal is denied, such efforts and expenses will have to be duplicated in the courts of Virginia.

The Pages also assert that they will be greatly prejudiced if they choose to pursue their action against Ekbladh in Virginia because of the difficulty and expense in traveling, maintaining accommodations, and caring for Frank while they are away from their home. If their action continues in Pennsylvania, however, one parent can stay home with Frank while the other parent is present in court. We note that this situation is further compounded by the fact that the Pages have other young children who require parental supervision. On the other hand, Ekbladh will suffer no personal hardship if the action is litigated in Pennsylvania.

We next address the public interest factors which must be considered in a *forum non conveniens* analysis. The trial court concluded that retaining jurisdiction in Pennsylvania would increase court congestion and impose jury duty upon a Pennsylvania community which has no relation to

the litigation. On the contrary, the fact that all the parties are citizen-residents of this Commonwealth dictates that the courts of this Commonwealth are the proper arena for resolving disputes between them. *See Flaxman, supra; In re Union Carbide, supra; Piper, supra; Gilbert, supra.* Furthermore, neither Ekbladh nor the trial court has made any effort to demonstrate that the trial courts of Virginia are less congested than those of Pennsylvania and that, therefore, the burden of litigating the action in Virginia would be less onerous to the courts of that Commonwealth than litigation in this Commonwealth would be to our own judicial system.

Moreover, although the cause of action accrued in Virginia, neither party is now a resident of that Commonwealth. Virginia, therefore, has little interest in who wins or loses a suit which involves citizens of another jurisdiction. We further note that although six of the Pages' thirteen counts in their complaint involve Virginia law, mathematically, it follows that an equal or greater number of counts involve Pennsylvania law, lending weight towards retaining jurisdiction in Pennsylvania. Additionally, if the action must be litigated in Virginia there is a possibility that two of the Pages' counts will actually be lost, due to the expiration of a Virginia statute of limitations. This result would seem to indicate not only that Virginia is an "inconvenient" alternative forum, but that Virginia may not be even an adequate alternative forum for this action. *See Beatrice, supra; In re Union Carbide, supra; Piper, supra; Gilbert; supra.*[3]

In conclusion, the doctrine of *forum non conveniens* is a discretionary doctrine which attempts to balance the interests of the plaintiff, the defendant and the forum. *See Petty v. Suburban General Hospital,* 363 Pa.Super. 277, 525 A.2d 1230 (1987); *Flaxman, supra; Beatrice, supra; Piper, supra; Gilbert, supra.* The plaintiff's choice of forum is given great weight, especially if it is his or her

**3.** Because we determine that there are sufficient reasons to retain jurisdiction over this action whether or not the Pages will lose two of their thirteen counts, we will not undertake a detailed analysis of this problem.

home forum. *Norman, supra; Piper, supra; Gilbert, supra.* "A court should not deprive a plaintiff of his or her chosen forum unless the defendant clearly adduces facts that 'either (1) establish such oppressiveness and vexation to a defendant so as to be all out of proportion to a plaintiff's convenience ... or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems.'" *Petty,* 363 Pa.Super. at 281, 525 A.2d at 1232 (citations omitted). We are not persuaded that Ekbladh has met the burden necessary to overcome the Pages' choice of their own forum to litigate this action. *Petty, supra.* As a result, we conclude that the trial court abused its discretion in misapplying the doctrine of *forum non conveniens* to the Pages' claims. *Beatrice, supra.*

The order entered by the trial court is vacated and the case is remanded for proceedings consistent with this opinion.