Janet F. JESSOP, Administratrix of the Estate of Harold W. Jessop, Deceased, and Janet F. Jessop, Widow, in Her Own Right, Appellant,

v.

ACF INDUSTRIES, LLC, Allied Signal, Inc., Allen–Bradley Company, American Standard, Inc., and Rockbestos Co., Belden Manufacturing Co., Certain–Teed Corporation, Union Carbide Corporation c/o CT Corporation Systems, Crouse–Hinds & Railroad Friction Products Corporation, Eaton Corporation, Flintkote Company, Garlock, Inc., General Electric Company, M & F Worldwide, Pneumo Abex Corporation, Resco Holdings Co., Inc. c/o Rust International, Inc., Thyssen Krupp Budd f/k/a the Budd Company, Appellees.

Superior Court of Pennsylvania.

Argued July 29, 2004.

Filed Sept. 21, 2004.

Robert E. Paul, Philadelphia, for appellant.

Carl Buchholz, Philadelphia, for ACF Industries, appellee.

BEFORE: LALLY–GREEN, GANTMAN and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Janet F. Jessop, as administrator of the estate of Harold W. Jessop and in her own right, appeals the January 22, 2004 Order granting appellees' motion to dismiss this asbestos tort case on the basis of *forum non conveniens* and granting appellees leave to re-file the lawsuit in Kansas. Jessop alleges her husband died from Mesothelioma he contracted as a result of asbestos exposure during his sixteen year career working as an electrician for the Atchison, Topeka & Santa Fe Railway.

¶ 2 The record reveals the following pertinent factual and procedural history. Appellant is a resident and domiciliary of Kansas. The decedent worked solely in Kansas during his entire sixteen year career with the railroad. The decedent was diagnosed with the alleged asbestos-related disease by a Kansas doctor, and died in March 2001.

¶ 3 This action was commenced in November 2001. The deposition of appellant's product identification witness, Vincent Schmidtlein, was completed on September 30, 2003. During that deposition, Schmidtlein testified he only knew the decedent to have worked in the Topeka, Kansas rail yard of Atchison, Topeka & Santa Fe Railways. Appellees insist and the trial court concluded appellees needed this information to support its motion to dismiss for *forum non conveniens*. On October 6, 2003, five months before the then-scheduled February 2004 trial, appellee ACF Industries, LLC, (ACF) filed a joinder complaint and the instant motion to dismiss based on *forum non conveniens* pursuant to 42 Pa.C.S.A. § 5322(e).[1] Numerous responses were filed to the motion to dismiss, and on December 16, 2003, the trial court held a hearing on the motion. On January 22, 2004, the court granted the motion contingent upon appellees' stipulation to consent to the transfer and submit to the jurisdiction of the State Court of Topeka Kansas, Shawnee County District Court, accept service of process, and waive the statute of limitations defense. This timely appeal followed in which appellant raises the following issues:[2]

1. Did the lower court commit an abuse of discretion and/or error of law when it failed to follow *D'Alterio v.

---

1. 42 Pa.C.S.A. § 5322, **Bases of personal jurisdiction over persons outside this Commonwealth**, (e) **Inconvenient forum.**

2. Various defendants were dismissed during the course of litigation. On January 22, 2004,

the trial court dismissed all claims and cross claims against twenty-one of the defendants per the agreement of counsel. The appellees in this appeal are the defendants remaining in the case as of January 15, 2004.

*N.J. Transit Rail Operations,* [845 A.2d 850 (Pa.Super.2004) ]?

2. Did the lower court commit an abuse of discretion and/or error of law when it failed to give proper weight to Mrs. Jessop's interests?

3. Did the lower court commit an abuse of discretion or error of law when it did not consider all relevant public factors?

Appellant's brief at 3.

¶ 4 We apply the following legal principles in our disposition of this case. We review an Order dismissing an action on the basis of *forum non conveniens* only for an abuse of discretion. *Poley v. Delmarva Power & Light Co.,* 779 A.2d 544, 546 (Pa.Super.2001) (citation omitted). "When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just." 42 Pa.C.S.A. § 5322(e). In deciding whether to dismiss a suit based on *forum non conveniens,* the court must consider two important factors (1) a plaintiff's choice of the place of suit will not be disturbed except for weighty reasons, and (2) no action will be dismissed unless an alternative forum is available to the plaintiff. *Humes v. Eckerd Corp.,* 807 A.2d 290 (Pa.Super.2002) *citing Poley, supra,* at 546. The threshold inquiry of whether an alternate forum exists appears is satisfied in this case since every remaining appellee has consented to transfer of the case and agreed to submit to the jurisdiction of the State Court of Topeka, Kansas, Shawnee District Court, accept service of process,

and waive the statute of limitations defense. "A stipulation made by a defendant that he or she will submit to service of process and not raise the statute of limitations as a defense has been accepted by the courts as eliminating the concern regarding the availability of an alternate forum." *Jones v. Borden, Inc.,* 455 Pa.Super. 110, 687 A.2d 392, 395 (1996), *citing Plum v. Tampax Inc.,* 399 Pa. 553, 160 A.2d 549 (1960).[3]

¶ 5 In determining whether "weighty reasons" exist so as to overcome the plaintiff's choice of forum, the trial court must examine both the private and public interest factors involved. *Engstrom, v. Bayer Corp.,* 855 A.2d 52, 56 (Pa.Super.2004). The private factors a court must consider include:

the relative ease of access to sources of proof; availability of compulsory process for attendance for unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of a view of the premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

With regard to the public factors a court must consider, this Court has recognized that

administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community that has no relation to the litigation. There is an appropriateness, too, in having the trial in a forum

---

**3.** We note however the recent case of *Poley v. Delmarva Power and Light,* 779 A.2d 544 (Pa.Super.2001) in which this court reversed the grant of defendants' motion to dismiss based upon *forum non conveniens,* with leave to file in Maryland, since Maryland's wrongful death statute provided not a statute of limitations, but a non-waivable condition precedent to maintaining the action that it must be filed within three years of the death of the injured person. No such obstacle to appellant's ability to bring suit in Kansas has been revealed by the parties, the trial court, or this Court's independent research.

that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*D'Alterio v. N.J. Transit Rail Operations,* 845 A.2d 850, 852 (Pa.Super.2004) (citations omitted); *see also Engstrom, supra,* at 56 (citations omitted). For dismissal on the grounds of *forum non conveniens* to be appropriate, the private and public factors must be strongly in favor of the party moving for dismissal. *D'Alterio,* at 852 (citation omitted).

■ ¶ 6 The court considered the private factors set forth above and found significant that the decedent's entire sixteen year work history was solely in the state of Kansas and he was diagnosed with the alleged asbestos-related disease by a Kansas doctor. Trial Court Opinion, Ackerman, J., 3/17/04, at 3. Appellant resides and is domiciled in Kansas. *Id.,* at 4. All pertinent events occurred outside of Pennsylvania, and all known and additional witnesses likely reside outside of Pennsylvania. *Id.* Appellee ACF asserted that throughout the course of discovery so far completed, it has been required to travel to Kansas at great expense. *Id.* Kansas is an alternative forum available to appellant. *Id.,* at 3. These conclusions are strikingly similar to those found determinative in *Cinousis v. Hechinger Department Store,* 406 Pa.Super. 500, 594 A.2d 731 (1991). In *Cinousis* this Court found no abuse of discretion in the trial court's dismissal for *forum non conveniens* based upon its conclusions that:

The plaintiffs are not residents of Pennsylvania. The pertinent events giving rise to the cause of action occurred outside of Pennsylvania. The relevant medical records of plaintiff's physician after the alleged accident are located outside of Pennsylvania. The known

witnesses reside outside of Pennsylvania and any additional witnesses will most likely reside outside of Pennsylvania. Finally, the plaintiffs have another more convenient forum available to them in New Jersey.

*Id.,* at 733.

¶ 7 The court also examined the public factors enumerated above and concluded they weigh heavily in favor of dismissal. It found the most compelling public interest factor favoring dismissal is the enormous burden the court already faces in mass tort litigation, largely the result, it explained, of out-of-state plaintiffs who chose to file in Philadelphia for no reason other than their attorneys have offices there. Trial Court Opinion, at 21. Further, as it found the case had no connection with Philadelphia, it concluded "[t]here is simply no valid reason that the people of Philadelphia County should bear the burdens of adjudicating this case, including jury duty and the expense conducting a trial." *Id.,* at 20. Significantly too, Kansas law would most likely apply to this case, requiring the court to engage in a conflict of laws analysis and apply unfamiliar foreign law, thereby adding needless legal complexity to the matter. *Id.,* at 21.

¶ 8 In sum, the court concluded that:

[t]he public interest in efficient judicial administration strongly favors dismissing this action currently filed in the Philadelphia County Court of Common Pleas and permitting Plaintiff, if so desired, to re-file the action in Kansas. Philadelphia has no connections with the allegations Plaintiff has put forth in this action. Simply put, there is no relationship between the facts of this case in [sic] Philadelphia County. Plaintiff has no connection to Philadelphia County whatsoever. Accordingly, neither Pennsylvania nor Philadelphia citizens should not [sic] be forced to expend time and

tax dollars on a controversy that does not even have tangential contacts with Pennsylvania, let alone Philadelphia County.

Trial Court Opinion, at 4.

¶ 9 Appellant argues the court erred in failing to follow *D'Alterio, supra,* in which we reversed the trial court's *sua sponte* dismissal of the plaintiff's complaint for *forum non conveniens* on grounds that extensive discovery had already been conducted, indeed, "all pre-trial preparation had been completed, and the parties were scheduled for trial." *See Engstrom, supra, citing D'Alterio, supra,* at 854–855. As we recently explained, critical to our holding in *D'Alterio* was that

> at no time did [Appellee] object to Appellant's choice of venue or raise the issue of *forum non conveniens.* Indeed, at the hearing on the rule to show cause, [Appellee] failed to allege that its access to sources of proof or to witnesses would be impeded by trial in Philadelphia. Furthermore, when counsel for Appellant advised the trial court that the sole eyewitness to the accident had agreed to go to Philadelphia to testify, that the doctor's deposition had been videotaped, and that, as a result, there was no inconvenience to Appellant . . . the trial court simply responded, "there is an inconvenience to the court system and the taxpayers of the City of Philadelphia and Pennsylvania."

*Engstrom,* at 57, *citing D'Alterio,* at 854–855.

¶ 10 This case can easily be distinguished from *D'Alterio* in that the court here did not *sua sponte* dismiss the case; rather, appellee ACF filed the motion to dismiss based on information gleaned during discovery. Moreover, in contrast to *D'Alterio,* the court here extensively addressed the issue of discovery and the timeliness of the motion. It noted the

parties in this case prepared various case management orders and provided for a discovery schedule that justified the time of the filing of the motion to dismiss, since, it explained, the record must be sufficiently established to allow consideration of such a motion. Trial Court Opinion, at 23. The court had ordered all product identification and answers to interrogatories were due ninety days prior to jury selection and all deposition of appellant and co-workers were to be completed no later than thirty days prior to jury selection. *Id.,* at 4–5. Appellee ACF filed the motion to dismiss five months prior to trial, when discovery was not substantially completed. *Id.,* at 21. Moreover, the court found the fact that discovery had taken place was outweighed by (1) the fact the discovery so far completed could be utilized in the new forum; (2) the private factor analysis showing virtually no contact with Pennsylvania; and (3) by the public factor analysis alone. *Id.,* at 22–23.

¶ 11 We also note the case of *Farley v. McDonnell Douglas Truck Serv., Inc.,* 432 Pa.Super. 456, 638 A.2d 1027 (1994) which we cited in *D'Alterio,* and in which we reversed the dismissal for *forum non conveniens* because we found the public and private factors did not weigh in favor of the movant. In addition to the fact that discovery had proceeded for a year in Pennsylvania, many witnesses and documents were located in Pennsylvania, the joined defendant, not any of the original defendants, moved for dismissal, the court made no finding as to whether an alternate forum was available, and the burdens of trying the case in Pennsylvania or the alternate forum appeared to be equal. *In other words the fact that discovery had proceeded for a year was but <u>one of the many factors</u> which weighed against dismissal. Id.* Here the trial court found virtually all factors weighed in favor of

dismissal. We find the trial court committed no abuse of discretion in the weight it afforded *D'Alterio* and the consideration it gave to the amount of discovery that had taken place and the timing of the motion.

¶ 12 Appellant argues the trial court failed to properly discuss and weigh the pertinent private and public factors. Appellant has argued "many of the asbestos products at issue were manufactured or assembled in Philadelphia, particularly [appellee] Budd rail cars assembled in Philadelphia and the Budd disc brake linings made in Philadelphia to which decedent was exposed" and "one of moving defendant ACF's predecessors had been incorporated in Philadelphia for a short period of time while it manufactured and assembled rail cars with asbestos in Berwick Pennsylvania[.]" Record, appellant's statement pursuant to Pa.R.A.P. 1925(b), at 1–2, paragraphs (e) and (f); *see also* appellant's brief at 10–11. The court found these allegations may support findings of jurisdiction and venue, but were not sufficiently weighty in consideration of a motion to dismiss for *forum non conveniens*. Rather, it found virtually all factors weighed in favor of dismissal. We find no abuse of discretion.

¶ 13 Appellant also contends the trial court gave improper weight to her interests and ignored the hardships she would incur upon dismissal including, "the great cost … in financing of the travel of her [two] experts from their home base in Philadelphia or videotaping their testimony in Kansas." Appellant's brief at 9. Incongruently, however, she also argues it is no hardship whatsoever for appellees to go to Kansas to videotape "anyone they need." *Id.*, at 12. She also cites *Alford v. Philadelphia Coca–Cola Bottling Co., Inc.,* 366 Pa.Super. 510, 531 A.2d 792 (1987) for her argument that the court failed to consider her interests. She incorrectly char-

acterizes this Court's disposition of *Alford* by stating "this Court reversed a *forum non conveniens* dismissal because the lower court failed to evaluate the hardships to the plaintiff if her case was dismissed." Appellant's brief at 14, *citing Alford.* We reversed in *Alford* because we found the trial court dismissed the action on the petition and answer alone, and while material issues of fact remained, including whether defendant's allegations were true that all fact witnesses did reside in New Jersey, the plaintiff received medical care for her injuries primarily in New Jersey and plaintiff would not suffer any hardship. *Alford.*, at 795. We cautioned that "A plaintiff's choice of forum 'is entitled to weighty consideration,' and a court should not frustrate that choice lightly." *Id.*, at 796 (citation omitted). Here, in contrast, the court did not consider the matter lightly. It held a hearing on the matter and authored a comprehensive and thoughtful Opinion.

¶ 14 Appellant also contends that she, unlike the corporate appellees, does not have a "perpetual life," and by transferring this case, she "faces the possibility of not receiving justice for the defendant asbestos manufacturers' actions during her lifetime." Appellant's brief, at 16. While this Court can certainly sympathize with this argument, it does not change the fact that, as the trial court concluded, this case has no connection whatsoever with Philadelphia or Pennsylvania. In considering all of the factors required of it in a *forum non conveniens* analysis, the court committed no abuse of discretion in finding weighty reasons support the dismissal of the case in favor of disposition in an alternate, more convenient forum.

¶ 15 Appellant also argues the court erred by improperly choosing the forum of Kansas and more specifically the Shawnee County District Court, in which she must

re-file her claim. In support of her argument, she cites *Jones v. Borden, Inc.*, 455 Pa.Super. 110, 687 A.2d 392 (1996).[4] In *Jones*, we reiterated that the trial court must make a finding as to the availability of other forums and exercise its discretion only after considering all other factors. *Id.*, at 394. In *Jones*, the trial court dismissed the action "with leave to file in an appropriate state" but made no inquiry as to whether those two states were available forums to decide the claim. *Id.* We further noted that "[a] stipulation made by a defendant that he or she will submit to service of process and not raise the statute of limitations as a defense has been accepted by the courts as eliminating the concern regarding the availability of an alternate forum." *Id.*, at 395 *citing Plum v. Tampax Inc.*, 399 Pa. 553, 160 A.2d 549 (1960). We acknowledged also that the court is to make findings on the record regarding the availability of these other forums. *Jones*, at 394. There can be no dispute that these requirements were met here.

¶ 16 Finally, appellant contends the court did not consider all relevant public factors. She cites *Page v. Ekbladh*, 404 Pa.Super. 368, 590 A.2d 1278 (1991), *appeal denied*, 529 Pa. 651, 602 A.2d 861 (1992), in which we held the court erroneously evaluated the appropriateness of *Dauphin County* and Virginia rather than *Pennsylvania* and Virginia. She contends the trial court considered only the burden to Philadelphia County and failed to consider the interests of the Commonwealth and "the other states at issue." Appellant's brief, at 18–19. It is unclear the other states to which she is referring. In any event, here it is clear from the trial court's comprehensive Opinion that it considered the appropriateness of Kansas and the entire state of Pennsylvania, not just Philadelphia County.[5] *See* Trial Court Opinion, at 4 (stating this controversy "does not even have tangential contacts with Pennsylvania, let alone Philadelphia County").

¶ 17 Another relevant public factor she contends the trial court failed to consider is that appellees are doing business in Pennsylvania and this Commonwealth has an interest in insuring its corporate citizens do not cause harm anywhere in the country. Appellant failed however to prove the facts of this case bear any connection to this Commonwealth. In considering all relevant factors to a *forum non conveniens* analysis, the trial court committed no abuse of discretion.

¶ 18 Order affirmed.

---

4. We note *Jones v. Borden, Inc.*, 455 Pa.Super. 110, 687 A.2d 392 (1996) was decided under the "oppressive or vexatious" standard which this Court recently held shall be applied only to cases involving motions to transfer pursuant to Pa.R.C.P. 1006(d)(1), but not to motions to dismiss filed pursuant to 42 Pa.C.S.A. § 5322(e). *See Humes v. Eckerd Corp.*, 807 A.2d 290 (Pa.Super.2002).

5. *Page v. Ekbladh*, 404 Pa.Super. 368, 590 A.2d 1278 (1991) was also decided under the "oppressive or vexatious" standard.