J-A04031-21

2021 PA Super 45

| | | |
|---|---|---|
| RUSSELL E. FAILOR, JR., AND CATHY FAILOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 3491 EDA 2019 |
| FEDEX GROUND PACKAGE SYSTEM, INC. | : | |

Appeal from the Order Entered November 6, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 181201881

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.:                    **FILED MARCH 17, 2021**

Russell E. Failor, Jr. (Failor), and Cathy Failor (collectively, the Failors) appeal from the November 6, 2019 order in the Court of Common Pleas of Philadelphia County (trial court) dismissing their personal injury lawsuit against FedEx Ground Package System, Inc. (FedEx Ground) pursuant to Section 5322(e) of the Uniform Interstate and International Procedure Act. *See* 42 Pa.C.S. § 5322(e).[1] The Failors contend that the trial court abused its discretion in dismissing their claim because FedEx Ground did not establish

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. § 5322 (e) provides "When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just."

that Pennsylvania is an inconvenient forum for it.  After our careful review, we vacate the order dismissing the Failors' case.

**I.**

The following background facts and procedural history are taken from our independent review of the certified record and the trial court's June 22, 2020 opinion.  For the purposes of this appeal, those facts are not in dispute.

**A.**

On December 17, 2018, the Failors, residents of Perry County, Pennsylvania, filed a complaint against FedEx Ground in the Philadelphia County trial court.  The complaint states that FedEx Ground maintains its principal place of business in Allegheny County, Pennsylvania, and regularly conducts business throughout the United States, including in Pennsylvania, specifically maintaining a shipping facility in Philadelphia County.

The complaint alleged that Failor was a tractor-trailer driver for an independent contractor that had contracted to haul freight for FedEx Ground between Hagerstown, Washington County, Maryland and Lewisberry, York County, Pennsylvania.  On June 28, 2018, while at FedEx Ground's Hagerstown facility, Failor slipped and fell on an unknown liquid substance on the rear end of a FedEx Ground trailer, sustaining injuries.  He notified FedEx Ground employee, Shelley DePriest, who created an accident report and took pictures of the scene on his phone.  Failor received a ride back to Pennsylvania after his injury and went to the emergency room in Mechanicsburg,

Cumberland County, Pennsylvania. Doctors diagnosed Failor with a fractured right ankle and he underwent surgery in Hershey, Dauphin County, Pennsylvania, where he continues to receive treatment. He was unable to return to work.

**B.**

FedEx Ground filed a motion to dismiss pursuant to 42 Pa.C.S. § 5322(e) seeking dismissal for *forum non conveniens*. Alternatively, it requested that the case be transferred to Perry County, Pennsylvania for *forum non conveniens* pursuant to Pennsylvania Rule of Civil Procedure 1006(d)(1).

In support of its motion to dismiss, it alleged that:

29. The incident giving rise to this suit occurred in Washington County, Maryland and this matter has no contact with or connection to Philadelphia County.

30. The sources of proof relative to the subject incident are located in Washington County, Maryland and Perry County, Pennsylvania.

31. Trial of this matter in Philadelphia County will not be easy, expeditious, or inexpensive.

32. The FedEx Ground employee(s) involved in this incident with first-hand knowledge of the events are employed in and around Washington County, Maryland.

33. The parties and non-party witnesses can more effectively, economically, and conveniently present their evidence and witnesses in Washington County, Maryland.

* * *

35. Moreover, it is common knowledge that the Philadelphia courts are inundated with litigation.

3

(Motion to Dismiss Pursuant to 42 Pa.C.S. § 5322(e), 4/04/19, at 5-6) (pagination provided).

FedEx Ground also provided an affidavit by Shelley DePriest in which she represented that she was the senior manager of line haul at the Fed Ground Hagerstown, Maryland facility where Failor alleged he was injured. She stated that she lived in Franklin County, Pennsylvania,[2] approximately three hours from Philadelphia, and that, as a single mother, it would be inconvenient and costly for her to attend a trial in Philadelphia County and she would not be willing to attend a trial there.

Later, in a supplemental brief, FedEx Ground also represented that Ms. DePriest left employment with FedEx Ground after providing her affidavit. FedEx Ground also appended to that brief the affidavits of employees Tracy White and Tom Belasco. In his affidavit, Mr. White represented that he worked at FedEx Ground's Winchester, Virginia plant, but on the date of Failor's incident, he worked as a line haul manager for FedEx Ground's Hagerstown facility. The affidavit asserted that it would be inconvenient and costly for him to attend a trial in Philadelphia County, would involve a significant time commitment, that he would not be willing to attend a trial in that location and

---

[2] There is no dispute that Ms. DePriest now lives in Virginia and she no longer works for FedEx Ground.

4

that it would be "far more convenient and economical" to attend trial in either Washington County, Maryland or Perry County, Pennsylvania.

Mr. Belasco's affidavit stated that since Ms. DePriest left her FedEx Ground employment, he was the line haul manager at FedEx Ground's Hagerstown facility; that he resided in Boonsboro, Maryland, approximately three-and-one-half hours from Philadelphia; that attending trial in Philadelphia would be inconvenient and costly; and that he would not be willing to attend a trial there as it would be much more convenient and economical to attend a trial in Perry County, Pennsylvania or Washington County, Maryland.

Paragraphs nine through twelve of his affidavit stated that Ms. DePriest could not be compelled to testify since she is no longer a FedEx Ground employee and that this would adversely affect FedEx Ground's defense of this matter and would be inconvenient and costly for members of the cleaning and maintenance staff to attend trial in Philadelphia because they live in or around Hagerstown. Finally, the affidavit stated that the absence of Mr. Belasco and other members of his staff would be oppressive and vexatious to the Hagerstown, Maryland operations.

Furthermore, in its supplemental brief, FedEx Ground argued that its only connection to Philadelphia County is that it has a shipping facility there; the site of the underlying incident occurred in Hagerstown, Maryland; the Failors' residence and the medical providers were in another Pennsylvania

5

county; and that the known FedEx Ground or non-party witnesses reside in or near Hagerstown, Pennsylvania.

**C.**

In response to FedEx Ground's motion to dismiss, the Failors admitted that Failor received medical treatment in Harrisburg and Hershey, Pennsylvania, and they noted that the only thing in Washington County, Maryland relative to this litigation is the empty trailer lot where Failor fell. They maintained that FedEx Ground regularly conducts business in Philadelphia in receiving and sending packages and that Philadelphia courts are more than capable of handling the high case volume.

The Failors noticed the depositions of Ms. DePriest, Mr. White and Mr. Belasco. During discussions between counsel, they confirmed that Ms. DePriest was no longer employed with FedEx Ground and that she now lives in Virginia. She did not appear for her deposition, but the Failors did depose Mr. White and Mr. Belasco.

At his deposition, Mr. White admitted that he has no personal knowledge of the Failor incident. Mr. White stated that he did not know how far it was from his West Virginia home to Philadelphia, only that it was a couple of hours away. Contrary to the affidavit's language, he admitted that he would attend a trial in Philadelphia if subpoenaed to do so and that it would be inconvenient whether the trial was held there or in Hagerstown, Maryland. Despite the inconvenience of attending a trial in Philadelphia because of his work schedule

6

and daughter's extracurricular activities, Mr. White admitted he could make other arrangements if required to do so.

In his deposition, Mr. Belasco testified that he took over the position of line haul manager after Ms. DePriest left the company. He conceded that FedEx Ground's attorney prepared his affidavit and he signed it without making any changes, although he did not actually know if paragraphs nine through thirteen were correct. Specifically, he did not know if Ms. DePriest could be compelled to testify at trial or if her absence would adversely affect FedEx Ground's defense, whether it would be inconvenient for the cleaning staff to attend trial in Philadelphia, or if trial in Philadelphia would be oppressive and vexatious since he did not know what "vexatious" meant and he only meant that attending trial in Philadelphia would be inconvenient.

Although he testified that it was three-and-one-half hours from his home in Boonsboro, Maryland to Philadelphia, he admitted that this estimate was in the affidavit when he received it from counsel. He did not disagree that Google Maps showed the distance was two hours and forty-five minutes. He admitted that he would appear to testify if he were subpoenaed to do so and that the inconvenience was the distance to Philadelphia. Mr. Belasco stated that any information he could provide could also be provided by Mr. White since it would be about FedEx Ground policies and procedures at the Hagerstown facility, not the Failor incident, since he was not there at the time of its occurrence.

**D.**

Pursuant to 42 Pa.C.S. § 5322(e), the trial court granted FedEx Ground's motion and dismissed the Failors' complaint without prejudice to be re-filed in Maryland or other appropriate jurisdiction.[3]  The trial court reasoned that:

> The facts of this case strongly favor dismissal pursuant to § 5322(e) and transfer to Maryland.  Plaintiff's slip and fall incident occurred at Defendant's facility located in Hagerstown, Maryland.  Plaintiffs reside in Perry County, Pennsylvania, which is approximately 130 miles from Philadelphia and approximately 70 miles from Hagerstown, Maryland.  Plaintiff has not received any medical treatment in Philadelphia relative to injuries allegedly sustained as a result of the incident.  Rather, Plaintiff received all of his medical treatment in either Dauphin County or Cumberland County, Pennsylvania.  The known potential witnesses with firsthand knowledge of the incident or the premises thereon are either former or current employees for FedEx Ground at the Hagerstown, Maryland facility.  Specifically, in addition to Plaintiff, it is apparent from the record that there are three individuals who the parties may potentially call as witnesses:  Shelley DePriest, Tracy White, and Tom Belasco.  All three individuals reside near Hagerstown, Maryland.[a]  The facts make it clear that the majority, if not all, of the potential witnesses and sources of proof with any connection to the underlying case either reside or are located near Hagerstown, Maryland, thereby establishing Maryland as a more convenient forum where the litigation could be conducted more easily, expeditiously, and inexpensively.
>
> [a] It is undisputed that Tracy White resides in Falling Waters, West Virginia, which is approximately 190 miles from Philadelphia and approximately 13 miles from Hagerstown, Maryland.  Similarly, it is undisputed that Tom Belasco resides in Boonsboro, Maryland, which is approximately 170 miles from Philadelphia and approximately 11 miles from Maryland.  Defendant submitted an affidavit signed by

---

[3] The court made no finding as to FedEx Ground's alternative request to transfer the case for *forum non conveniens* pursuant to Rule 1006(d)(1).

Shelley DePriest to which she affirmed that she resides in Franklin County, Pennsylvania, which is approximately 160 miles from Philadelphia and approximately 22 miles from Hagerstown, Maryland. Plaintiffs contend that Ms. DePriest moved to Virginia and thus aver that Ms. DePriest's affidavit is no longer accurate. However, Plaintiffs fail to present this [c]ourt with any evidence in regard to whether Ms. DePriest has in fact moved to Virginia, and if so, where in Virginia she currently resides.

Plaintiffs aver that Defendant conducts "relevant corporate actions" in Philadelphia that justify denial of a motion under *forum non conveniens*. However, the fact that Defendant conducts such business in Philadelphia seems to be the only connection that a Philadelphia jury would have to the instant case. … Washington County, Maryland, is available as an alternative forum. The slip and fall incident giving rise to this litigation occurred in Hagerstown, Washington County, Maryland, on June 28, 2018. In Maryland, a civil lawsuit for personal injury must be filed within three years from the date it accrues. Md. Code, Cts. and Jud. Proc. § 5-101. Accordingly, Plaintiffs are well within the statute of limitations under Maryland law to re-file this case in Washington County, Maryland.

(Trial Court Opinion, 6/22/20, at 4-5) (pagination provided) (case citations, quotation marks and one footnote omitted).[4] The Failors timely appealed.[5]

They and the court have complied with Rule 1925. *See* Pa.R.A.P. 1925.

---

[4] FedEx Ground notes that via the June 23, 2020 writ of summons, the Failors commenced a second lawsuit related to the June 28, 2018 incident in Perry County, Pennsylvania, at Docket No. CV-WF-2020-448. (*See* FedEx Ground's Brief, at 3). We draw no conclusion from this filing and include it only to provide a full history of this matter.

[5] Absent an abuse of discretion, we cannot reverse a trial court's decision to dismiss based on *forum non conveniens*. *See Bochetto v. Dimeling, Shreiber & Park*, 151 A.3d 1072, 1079 (Pa. Super. 2016). A trial court abuses its discretion if, "in reaching [its] conclusion the law is overridden or

On appeal, the Failors contend that the trial court erred as a matter of law and abused its discretion in dismissing this action pursuant to 42 Pa.C.S. § 5322(e). First, it argues that our decision in **Page v. Ekbladh**, 590 A.2d 1278, 1280 (Pa. Super. 1991), prohibits *forum non conveniens* dismissals where both the plaintiff and the defendant are Pennsylvania citizens. Second, they contend that the trial court misapplied 42 Pa.C.S. § 5322(e) and erred in finding that the public and private factors used to determine whether a forum is inconvenient do not weigh strongly against their chosen forum.[6]

## II.

Pursuant to Section 5322(e), "[w]hen a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just." 42 Pa.C.S. § 5322(e).

> A plaintiff's choice of forum is entitled to deference, but to a somewhat lesser degree when the plaintiff's residence and place of injury are located somewhere else. **See Bochetto v. Piper Aircraft Co.**, 94 A.3d 1044, 1056 (Pa. Super. 2014). In any

---

misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will." **Id.** (citation omitted).

[6] The Pennsylvania Association for Justice (PAJ) has filed an *amicus curiae* brief in support of the Failors' arguments and raises a new issue alleging that Section 5322(e) is not applicable in this matter because all parties are Pennsylvania citizens. However, we cannot consider this argument because the PAJ is not a party and the Failors did not raise it. **See Solomon v. U.S. Healthcare Systems of Pennsylvania, Inc.**, 797 A.2d 346, 349 n.3 (Pa. Super. 2002); **see also** Pa.R.A.P. 531(a).

event, the trial court may grant a motion to dismiss on the grounds of *forum non conveniens* only if "weighty reasons" support disturbing a plaintiff's choice of forum and an alternative forum is available. ***See Jessop v. ACF Industries, LLC***, 859 A.2d 801, 803 (Pa. Super. 2004). "Furthermore, a court will ... not dismiss for *forum non conveniens* unless justice *strongly* militates in favor of relegating the plaintiff to another forum." ***Poley v. Delmarva Power and Light Co.***, 779 A.2d 544, 546 (Pa. Super. 2001) (emphasis in original).

***McConnell v. B. Braun Medical Inc.***, 221 A.3d 221, 227 (Pa. Super. 2019).

When determining if "weighty reasons" exist to overcome a plaintiff's forum choice, the court considers both private and public factors. Private factors include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance for unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

***Id.*** (citation omitted). In analyzing public factors, the trial court must consider that:

> administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is an appropriateness, too, in having the trial ... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

***Id.*** at 227-28 (citation omitted).

In establishing that dismissal based on *forum non conveniens* is warranted, a defendant must establish it is inconvenient for him. Therefore,

11

"it is difficult for a defendant to show that convenience is a factor that weighs in favor of dismissal where it is headquartered in the chosen forum, even if the plaintiff resides elsewhere." *Id.* at 228 (citation omitted). "Importantly, the party seeking dismissal has the burden of proof.

When we conduct our review of the trial court's decision, if the trial court "shift[s] that initial burden to the party opposing dismissal and mak[es] presumptions about the evidence against the non-moving party [that would be] an abuse of discretion because it is a misapplication of the governing legal standard." *Id.* (citation omitted). It is also an error of law if the trial court makes an analysis based on the inconvenience of one county to another state because "[a] case's lack of connection to one county does not justify dismissal from the entire state." *Id.* at 231 n.12. That is so because the proper consideration is between the two states, not specific counties within them. *See id*. at 228; *see also Page*, *supra* at 1280-81. Moreover, the trial court abuses its discretion and commits and error of law if it "misapplies the law in this context by incorrectly weighing the public and private factors." *McConnell*, *supra* at 228 (citations omitted).

### III.

### A.

We first address the Failors' allegation that the trial court erred in dismissing their case based on *forum non conveniens* because **Page** mandates

that a motion to dismiss be denied when both parties are citizens of the same state.

Ekbladh, the defendant in **Page**, was a Virginia-based obstetrician who provided care to the mother of a child who was born in Virginia with serious injuries. Mother also resided in Virginia at the time. Thereafter, both the child's parents and the obstetrician moved to Pennsylvania and resided there when the parents commenced a lawsuit in Pennsylvania against Ekbladh for their child's injuries. The court granted Ekbladh's motion to dismiss based on *forum non conveniens* and directed the Pages to file the action in Virginia where the alleged negligence and injuries occurred. **See Page**, **supra** at 1278-79.

The Failors point to the following language of **Page** to support their claim:

> The record reveals that the Pages have sued Ekbladh in Pennsylvania solely because it is their home forum, as well as the home forum of Ekbladh. We can find no case law, either in this Commonwealth or in the federal courts, where, although both the plaintiff and the defendant have been citizen-residents of the original forum, the trial court dismissed the action because another forum appears more convenient. The fact that both the plaintiffs and the defendant presently reside in Pennsylvania would warrant the retention of jurisdiction by the trial court over this action.

*Id.* at 1280 (emphases omitted). They go on to contend that while Page did conduct a factors analysis, it did so "in the alternative to consider the traditional considerations for dismissing a suit for *forum non conveniens.*"

However, ***Page*** does not stand for the proposition that the *forum non conveniens* inquiry ends when it is determined that both parties are Pennsylvania residents because we reached no such conclusion at all based on the above-quoted foregoing language. The fact that none of the parties resided in Virginia when the action was brought was just one of the many factors we reviewed in ***Page*** before determining that "Ekbladh [had not] met the burden necessary to overcome the Pages' choice of their own forum to litigate this action." ***Id.*** at 1282 (citation omitted); ***see also id.*** at 1280-82 (reviewing public and private factors). Because ***Page*** did not reach its holding based solely on the fact that the parties were "citizens" of the same state but considered that factor as one of many in determining that Pennsylvania was not an inconvenient forum, the trial court did err on this basis.

**B.**

Next, we turn to the Failors' contention that trial court misapplied the law and abused its discretion in dismissing their Pennsylvania action because there were no "weighty reasons" to override their choice to sue a Pennsylvania-based company in their own home state of Pennsylvania.

Here, the trial court found that "the majority, if not all, of the potential witnesses and sources of proof with any connection to the underlying case either reside or are located near Hagerstown, Maryland, thereby establishing Maryland as a more convenient forum where the litigation could be conducted more easily, expeditiously, and inexpensively. (Trial Ct. Op., at 4) (quotation

14

marks and citation omitted; pagination provided). However, the court premised this decision on the basis that **Hagerstown**, Maryland was a more convenient forum than **Philadelphia**, Pennsylvania, not Maryland and Pennsylvania as a whole, whose state line borders Maryland, and is approximately only seven miles from Hagerstown.

Specifically, the court observed that the Failors' residence in Perry County, Pennsylvania, as well as their medical witnesses in Dauphin and Cumberland Counties, Pennsylvania, are closer to Hagerstown, Maryland than Philadelphia, Pennsylvania, and that FedEx Ground's potential witnesses, Mr. White and Mr. Belasco, lived closer to Hagerstown, Maryland than Philadelphia, Pennsylvania.[7] However, it made no finding as to whether **Pennsylvania** is an inconvenient forum for FedEx Ground based on where their proposed witnesses reside, and it would be difficult to imagine that a seven mile distance to the Pennsylvania border from their employer or

---

[7] The court also observed that Ms. DePriest lived in Franklin County, Pennsylvania at the time of signing her affidavit, which is approximately 160 miles from Philadelphia and twenty-two miles from Hagerstown. It noted that the Failors failed to provide evidence that Ms. DePriest moved to Virginia, thus making her affidavit inaccurate. (**See** Trial Ct. Op., at 4 n. 1). However, it was not the Failors' burden to prove that Ms. DePriest's Virginia residence was convenient, but FedEx Ground's burden to prove that her new residence rendered Pennsylvania inconvenient. **See McConnell**, **supra** at 228 ("[T]he party seeking dismissal has the burden of proof."). FedEx Ground agrees that Ms. DePriest has moved to Virginia and has not provided any evidence about her relative proximity to either Maryland or Pennsylvania.

15

approximately twenty miles from their homes would render it inconvenient and strongly favor overriding the Failors' forum choice.

Moreover, even if the court did not err in considering Hagerstown, Maryland *vis a vis* Philadelphia, Pennsylvania, it was error for it to consider the relative convenience of the two locations for the Failors, including their evidence and witnesses, because that was an improper reason to overrule their choice of forum. **See Estate of Vaughan v. Olympus America, Inc.**, 208 A.3d 66, 77 (Pa. Super. 2019) ("[A]ny difficulty a **plaintiff** faces in securing evidence necessary to prove a cause of action is not a valid reason to override the plaintiff's forum preference.") (emphasis in original).

Based on the foregoing, we conclude that the court abused its discretion by misapplying the law. Determining *forum non conveniens* required the court to consider the relative convenience of Pennsylvania and Maryland, not Philadelphia and Hagerstown. **See McConnell**, **supra** at 231 n.12. Because the trial court applied the incorrect standard in determining that **Pennsylvania** is an inconvenient forum for FedEx Ground, it misapplied the law and abused its discretion in dismissing the Failors' case. **See Bochetto**, **supra** at 1079; **see also McConnell**, **supra** at 231 ("The trial court abused its discretion … because it disregarded Pennsylvania's interests and improperly focused on whether **Philadelphia** is a convenient forum.") (emphasis in original).

## C.

## 1.

Not only did the trial court err in doing a Pennsylvania to Maryland analysis, neither the private nor public factors strongly weigh against the Failors' chosen forum to justify dismissal of their action in Pennsylvania. As to the private factors at the time of the incident and at all times thereafter, the Failors have lived in Pennsylvania; Failor received all medical treatment in Pennsylvania; the trailer he was driving was scheduled to return to Pennsylvania; Shelley DePriest, the only FedEx Ground employee with first-hand knowledge of the incident, resided in Pennsylvania at the time of giving her affidavit;[8] Mr. White and Mr. Belasco only work twenty miles from the Pennsylvania border; and FedEx Ground's principal place of business is in Pennsylvania. (*See id.* at 22-24).

FedEx Ground concedes that its primary place of business is in Pennsylvania and that it conducts business here. It also agrees that the Failors reside in Pennsylvania and all pertinent medical records and physicians are located here. However, it argues that because the incident underlying the complaint occurred in Hagerstown, where its known witnesses are employed

---

[8] As stated previously, both parties agree that Ms. DePriest has since moved to Virginia and no longer works for FedEx Ground.

and near where they reside, there are substantial reasons to dismiss this case.[9] It also points to the affidavits from its employees in which they maintain that a trial in Philadelphia would be vexatious and that they would not attend. In response to same, the Failors provided deposition testimony of Mr. White and Mr. Belasco that conflicts in some respects with the affidavits.

Our review of the evidence before the court reveals that the affidavits fail to establish that a trial in Maryland would be more expeditious and inexpensive than in Pennsylvania. In fact, although they maintain that trial in **Philadelphia** would be inconvenient because of its distance, they speak nothing to Pennsylvania as a whole and, in fact, maintain that trial in Perry County, Pennsylvania would be convenient.

FedEx Ground also fails to establish that it would be easier to obtain sources of proof in Maryland where it concedes that the Failors and the relevant medical records and physicians are in Pennsylvania, and the location on which the incident occurred is a moveable trailer that is no longer at the Hagerstown, Maryland facility.

---

[9] In its brief in support of the motion to dismiss, FedEx Ground also alleged that trial in Philadelphia County would not be "inexpensive" because FedEx Ground's employees are employed in Maryland. (FedEx Ground's Brief in Support of Motion to Dismiss, at 5). However, it failed to provide any evidence of how much more expensive it would be for its employees to drive the approximate seven miles from their employer or approximate twenty miles from their homes to Pennsylvania. Nor did it provide evidence that it would be exorbitant for FedEx Ground to incur such expenses.

Finally, Mr. Belasco conceded that he had no personal knowledge about the Failor incident prior to being approached by FedEx Ground's counsel and that any information he could provide about FedEx Ground's policies and procedures could also be provided by Mr. White. Contrary to FedEx Ground's argument, the affidavits failed to provide weighty evidence that Maryland is a more convenient forum than Pennsylvania or even which of its witnesses is necessary or where their testimony would be cumulative.[10] At best, this testimony established that a trial in **Philadelphia** would be inconvenient because of the distance but that the men would attend.

Based on this evidence, we conclude that even had the trial court properly applied the law and considered whether there were weighty reasons to dismiss this case in **Pennsylvania**, FedEx Ground did not provide sufficient evidence of private factors necessary to support dismissal of the Failors' case.

---

[10] Also before the court was the deposition testimony of Mr. White and Mr. Belasco. Mr. White testified that he merely signed the affidavit provided by FedEx Ground's counsel without making any changes thereto, and that, contrary to the affidavit's language, he would attend a Philadelphia trial if subpoenaed to do so, despite the inconvenience. He also stated that he had no personal knowledge of the incident involving Mr. Failor, although he was employed by FedEx Ground at the relative time and at the Hagerstown facility. Mr. Belasco stated that a trial in any location would be an inconvenience, but that he could arrange to be there. He also conceded that he had no personal knowledge about Failor's incident prior to being approached by FedEx Ground's counsel and that any information he could provide about FedEx Ground's policies and procedures could also be provided by Mr. White. Neither man testified as to whether Pennsylvania would be inconvenient.

***See Vaughan***,[11] ***supra*** at 76-77; ***see also McConnell***, ***supra*** at 229-30 (trial court abused its discretion in granting motion to dismiss where defendant failed to establish private factors where its employees lived and worked in Pennsylvania, it had corporate offices here and difficulty of plaintiff in securing evidence was not relevant concern).

---

[11] In ***Vaughan***, the decedent underwent a procedure in North Carolina in which an Olympus scope was used. The scope was contaminated and the decedent died from an infection. Her estate brought a cause of action in Philadelphia County against Olympus Medical System Corp. (OMSC), Olympus America, Inc. (OAI) and Olympus Corporation of America (OCA). OMSC is a Japanese corporation with a principal place of business in Tokyo. OCA and OAI are New York corporations with a principal place of business in Center Valley, Lehigh County, Pennsylvania. OCA was OMSC's agent. The trial court granted the defendants' motion to dismiss for forum *non conveniens*. This Court reversed, finding that the defendants failed to provide weighty reasons to disturb Vaughan's choice of forum. We found that OCA and OAI conducted business across Pennsylvania, including in Philadelphia, Vaughan's evidence was in Pennsylvania since OCA acted as OMSC's agent, the court's concern that Vaughan's fact witnesses were located in North Carolina was not a valid concern, significant evidence could be found in Pennsylvania, Pennsylvania had an interest in the litigation where the defendants made critical marketing decisions here and that a Pennsylvania court was more than capable of applying the appropriate law. ***See Vaughan***, ***supra*** at 70, 76-78. Similarly, here, FedEx Ground maintains its corporate headquarters in Pennsylvania and conducts business across the Commonwealth, the Failors and their evidence are in Pennsylvania, Pennsylvania has a significant interest in the outcome of this case where FedEx Ground operates its trucks here and, even if Maryland law were applicable, a Pennsylvania court would be more than capable of applying it.

**2.**

We now turn to our analysis of the public factors supporting dismissal of the Failors' case for *forum non conveniens*. The only public factor that the trial court based its decision on is that "the only connection that a Philadelphia jury would have to the instant case" is that FedEx Ground maintains a distribution center there. (Trial Ct. Op., at 5).[12] We already concluded that the trial court abused its discretion in considering Philadelphia specifically rather than Pennsylvania as a whole. Moreover, FedEx Ground failed to

---

[12] FedEx Ground and the trial court rely heavily on ***Wright v. Consolidated Rail Corp.***, 215 A.3d 982 (Pa. Super. 2019), to support dismissal pursuant to Section 5322(e) because ***Wright*** concluded that the trial court abused its discretion when it did not dismiss a case for *forum non conveniens* even though the corporate defendant had a principal place of business in Pennsylvania. (***See*** FedEx Ground's Brief, at 5, 7, 10-12); (Trial Ct. Op., at 2-3, 5); ***see also Wright***, at 991. This reliance is misplaced because ***Wright*** is factually distinguishable. In ***Wright***, the plaintiff worked for defendant corporation exclusively in New York and his medical treatment occurred and medical records were all located in that forum. The plaintiff was a long-time resident of New York who "never resided, worked, or owned property in Pennsylvania" and had moved to South Carolina in 2016. ***Wright***, ***supra*** at 995. Here, the Failors are Pennsylvania residents, Failor worked for FedEx Ground in Pennsylvania and his medical providers and records are all located in Pennsylvania. Furthermore, while the accident occurred and FedEx Ground's witnesses are located in Maryland, it is undisputed that there can be no jury view of the scene because it occurred on a FedEx Ground trailer that is no longer there and, although FedEx Ground employees signed affidavits in which they represented travel to Philadelphia would be inconvenient and that they would not be willing to attend, they clarified in their depositions that trial would be inconvenient even if it occurred in Maryland and that they would attend if subpoenaed. Likewise, the affidavits say nothing about the relative convenience of Pennsylvania compared to Maryland.

provide weighty evidence of public factors to support dismissal where it does not suggest what, if any, public factors support dismissing the Failors' case for *forum non conveniens*. (**See** FedEx Ground's Brief, at 7-12). Conversely, the Failors argue that Pennsylvania has a strong interest in ensuring that FedEx Ground maintains its trailers in safe condition for its employees and that its residents injured by Pennsylvania companies receive compensation. (**See** The Failors' Brief, at 25, 26-27).

In analyzing the public factors, we agree that Maryland has an interest in an injury that occurs at a FedEx Ground facility within its borders. We also are aware that Mr. White and/or Mr. Belasco could have a slightly longer commute to Pennsylvania. However, where FedEx Ground likewise maintains several of such facilities in Pennsylvania, in addition to its corporate headquarters, and the Failors, the injured plaintiffs, reside here, it appears that Pennsylvania's interest is at least equal to if not stronger than that of Maryland, and FedEx Ground has not provided any evidence to the contrary.[13] Hence, we conclude that FedEx Ground failed to provide sufficient evidence of public factors to support overriding the Failors' choice of forum. **See Vaughan**, **supra** at 77-78; **see also McConnell**, **supra** at 231 (finding public

---

[13] In its motion to dismiss, FedEx Ground argued that Philadelphia courts have a significant backlog justifying dismissal pursuant to Section 5322 and that a Pennsylvania jury would be incapable of applying Maryland law. It has abandoned these arguments here.

factors did not support dismissal for *forum non conveniens* where, although other states had interest, Pennsylvania had interest in whether defendant, with principal place of business and headquarters here, marketed and distributed allegedly injurious product).

Based on the foregoing, we conclude that the trial court abused its discretion in finding that private and public interest factors supported dismissal pursuant to *forum non conveniens*. ***See Bochetto***, ***supra*** at 1079. FedEx Ground, as the party moving for dismissal, did not carry its burden of providing weighty reasons to override the Failors' choice of forum in Pennsylvania. Therefore, we vacate the court's order.

However, while we vacate the trial court's order, because it did not make any finding about FedEx Ground's alternate ground for relief that it transfer the case to Perry County based on Rule 1006(d)(1), we remand the matter to the trial court to address that issue. ***See McConnell***, ***supra*** at 232 (vacating and remanding on Section 5332(e) issue but allowing court to consider open Rule 1006(d)(1) motion to transfer from Philadelphia County to Lehigh County).

Order vacated. Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 3/17/2021*